1. JAN I. GOLDSMITH, City Attorney
   DANIEL F. BAMBERG, Assistant City Attorney
2. TIMOTHY C. STUTLER, Chief Deputy City Attorney
   California State Bar No. 131794
3.     Office of the City Attorney
       1200 Third Avenue, Suite 1100
4.     San Diego, California 92101-4100
       Telephone: (619) 533-5800
5.     Facsimile: (619) 533-5856

6. Attorneys for Defendants NEAL N. BROWDER
   and the CITY OF SAN DIEGO
7.
   LOUIS R. MILLER (State Bar No. 54141)
8. smiller@millerbarondess.com
   SCOTT J. STREET (State Bar No. 258962)
9. sstreet@millerbarondess.com
   MILLER BARONDESS, LLP
10. 1999 Avenue of the Stars, Suite 1000
    Los Angeles, California 90067
11. Telephone: (310) 552-4400
    Facsimile: (310) 552-8400
12.
    BRIAN E. WATKINS (State Bar No. 190599)
13. bwatkins@brianwatkinslaw.com
    BRIAN E. WATKINS & ASSOCIATES
14. 925 B Street, Suite 402
    San Diego, California 92101
15. Telephone: (619) 255-5930
    Facsimile: (619) 255-5639
16.
    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R. NEHAD, an individual, K.R. NEHAD, an individual, ESTATE OF FRIDOON RAWSHAN NEHAD, <br><br> Plaintiffs, <br><br> v. <br><br> NEAL N. BROWDER, an individual, CITY OF SAN DIEGO, a municipality, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 15cv1386 WQH (NLS) <br><br> **JOINT MOTION FOR PROTECTIVE ORDER** <br><br> Magistrate Judge: Hon. Nita L. Stormes <br> Court Room: 12th Floor (Annex) <br> Trial: Not Set |

///

COME NOW THE PARTIES, Defendants Neal N. Browder and the City of San Diego, by and through their attorneys of record, and Plaintiffs S.R. Nehad, K.R. Nehad and the Estate of Fridoon Rawshan Nehad ("Plaintiffs"), by and through their attorneys of record, and hereby jointly move the Court for the following Protective Order, which will enable Defendants to produce certain documents and other items, consistent with the interests and rights of the parties and witnesses and before required by the Federal Rules of Civil Procedure and other applicable rules or court orders:

1. Defendants' attorneys of record shall immediately produce to Plaintiffs' attorneys of record copies of all video footage in their possession, custody, or control depicting the surrounding area or scene of the April 30, 2015 shooting of Fridoon Rawshan Nehad on or around that date.

2. Defendants' attorneys of record shall produce to Plaintiffs' attorneys of record redacted copies of all other documents and items contained in the San Diego Police Department's homicide investigation binder in this case, as soon as such documents are redacted, and in any event no more than fourteen court days following the date this Protective Order is issued.

3. The parties, their attorneys of record, and anyone acting in concert with them or participating with them, agree to not engage in, allow, nor perform any of the following:

    a. Convey, transfer, copy, publish, show, or distribute the documents or other items produced pursuant to this Protective Order, nor authorize another to transfer, copy, publish, show, or distribute such documents or items, to anyone other than the parties and their attorneys of record, experts, consultants, paralegals, legal assistants, clerical staff and investigators and other officers, agents, employees and representatives of the parties or the attorneys of record who are directly assisting the attorneys of record in this case, without court approval; or

///

Document Number:1068520    2

Case No. 15CV1386 WQH (NLS)

  b. Use the documents and other items produced pursuant to this Protective Order for any purpose other than prosecuting or defending the instant civil proceedings pursuant to applicable law.

  4. Plaintiffs have asked the Court for leave to serve a subpoena on KECO, Inc., a third party whose surveillance cameras captured the shooting underlying this action (the "KECO Video"). The parties, their attorneys of record, and anyone acting in concert with them or participating with them, agree to not engage in, allow, nor perform any of the following:

  a. Convey, transfer, copy, publish, show, or distribute the KECO Video, nor authorize another to transfer, copy, publish, show, or distribute such video, to anyone other than the parties and their attorneys of record, experts, consultants, paralegals, legal assistants, clerical staff and investigators and other officers, agents, employees and representatives of the parties or the attorneys of record who are directly assisting the attorneys of record in this case, without court approval; or

  b. Use the KECO Video for any purpose other than prosecuting or defending the instant civil proceedings pursuant to applicable law.

  5. The documents and other items described in Paragraphs 1, 2, and 4 above, and subsequently produced or created documents or other items that a party believes should be subject to this Protective Order, shall be marked "CONFIDENTIAL." Such documents and items shall be subject to this Protective Order until such time as the parties agree to remove such documents or items from the scope of this Protective Order or the Court so orders. Documents and other items marked "CONFIDENTIAL" shall be marked in such a way as to leave all written portions of such documents and items uncovered and completely legible.

  6. Notwithstanding Paragraphs 3 and 4 above, the attorneys of record may use documents and items that are subject to this Protective Order in their examination of witnesses at deposition or trial in this case. However, when a

deponent is examined regarding such items or such items are attached as exhibits to a deposition transcript, then unless the parties otherwise agree on the record or in writing, the transcript shall be marked as described in Paragraph 5 above and subject to this Protective Order, and the exhibits shall be redacted to omit names, birth dates, social security numbers, and addresses.

   7. Within six months of the final disposition of this action (including any appeals), Plaintiffs' attorneys of record, upon request from Defendants' attorneys of record, shall destroy any and all documents and other items governed by this Protective Order, and all copies thereof, or provide them to Timothy C. Stutler, Chief Deputy City Attorney, 1200 Third Avenue, Suite 1100, San Diego, California, or his successor.

   8. The terms of this Protective Order shall not change, amend, or circumvent any applicable Federal Rule of Civil Procedure or local rule of court.

   9. The terms of this Protective Order shall not prevent any party to this action from seeking a modification of this Protective Order, and the Court may modify the Protective Order for good cause, or in the interest of justice, upon motion of a party to this action or on its own order at any time during the proceedings. The parties reserve the right to object to the designation of documents and things produced under this Protective Order as confidential and to object to any redaction of any information.

   10. No document or other item governed this Protective Order shall be filed under seal unless counsel secures a court order allowing the filing of such document or item under seal. An application to file a document or item under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. Documents and items governed by this Protective Order may be lodged under seal, subject to an application to file under seal, and redacted versions of such documents and items approved by the other party may be publically filed. If opposing counsel, or the

person or entity who has custody and control of the document or item, wishes to oppose the application or the public filing of redacted documents or items, such party or entity must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed upon the conclusion of this action, the court shall retain jurisdiction to resolve any disputes arising out the release of any documents or items protected by this Protective Order.

11. Upon final disposition of this case, the Court shall return or destroy any confidential or sealed documents and items within its possession within thirty days of the date the case is dismissed.

Dated: July 24, 2015          JAN I. GOLDSMITH, City Attorney

By  */s/ Timothy C. Stutler*
    Timothy C. Stutler
    Chief Deputy City Attorney

Attorneys for Defendants NEAL N. BROWDER and the CITY OF SAN DIEGO
TStutler@sandiego.gov

Dated: July 24, 2015          MILLER BARONDESS, LLP

By:  */s/ Scott J. Street*
    SCOTT J. STREET

Attorneys for Plaintiffs S.R. NEHAD, K.R. NEHAD, and ESTATE OF FRIDOON RAWSHAN NEHAD

# SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Scott J. Street, and that I have obtained Mr. Street's authorization to affix his electronic signature to this document.

Dated: July 24, 2015

*/s/ Timothy C. Stutler*
Timothy C. Stutler
Chief Deputy City Attorney

Attorneys for Defendants NEAL N. BROWDER and the CITY OF SAN DIEGO