1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R. NEHAD, an individual, K.R. NEHAD, an individual, ESTATE OF FRIDOON RAWSHAN NEHAD,<br><br>Plaintiffs,<br><br>v.<br><br>NEAL N. BROWDER, an individual, CITY OF SAN DIEGO, a municipality, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  15cv1386 WQH (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER <u>AS MODIFIED BY THE COURT</u>**<br><br>(Dkt. No. 11) |

Having considered the parties' Joint Motion for Protective Order, and finding the motion meritorious, the Court **GRANTS** the motion. The Court enters the following protective order, **<u>as modified by the Court (see paragraphs 9 and 10)</u>**:

1. Defendants' attorneys of record shall immediately produce to Plaintiffs' attorneys of record copies of all video footage in their possession, custody, or control depicting the surrounding area or scene of the April 30, 2015 shooting of Fridoon Rawshan Nehad on or around that date.

2. Defendants' attorneys of record shall produce to Plaintiffs' attorneys of record redacted copies of all other documents and items contained in the San Diego Police Department's homicide investigation binder in this case, as soon as such

documents are redacted, and in any event no more than fourteen court days following the date this Protective Order is issued.

    3.    The parties, their attorneys of record, and anyone acting in concert with them or participating with them, agree to not engage in, allow, nor perform any of the following:

    a.    Convey, transfer, copy, publish, show, or distribute the documents or other items produced pursuant to this Protective Order, nor authorize another to transfer, copy, publish, show, or distribute such documents or items, to anyone other than the parties and their attorneys of record, experts, consultants, paralegals, legal assistants, clerical staff and investigators and other officers, agents, employees and representatives of the parties or the attorneys of record who are directly assisting the attorneys of record in this case, without court approval; or

    b.    Use the documents and other items produced pursuant to this Protective Order for any purpose other than prosecuting or defending the instant civil proceedings pursuant to applicable law.

    4.    Plaintiffs have asked the Court for leave to serve a subpoena on KECO, Inc., a third party whose surveillance cameras captured the shooting underlying this action (the "KECO Video").  The parties, their attorneys of record, and anyone acting in concert with them or participating with them, agree to not engage in, allow, nor perform any of the following:

    a.    Convey, transfer, copy, publish, show, or distribute the KECO Video, nor authorize another to transfer, copy, publish, show, or distribute such video, to anyone other than the parties and their attorneys of record, experts, consultants, paralegals, legal assistants, clerical staff and investigators and other officers, agents, employees and representatives of the parties or the attorneys of record who are directly assisting the attorneys of record in this case, without court approval; or

    b. Use the KECO Video for any purpose other than prosecuting or defending the instant civil proceedings pursuant to applicable law.

  5. The documents and other items described in Paragraphs 1, 2, and 4 above, and subsequently produced or created documents or other items that a party believes should be subject to this Protective Order, shall be marked "CONFIDENTIAL."  Such documents and items shall be subject to this Protective Order until such time as the parties agree to remove such documents or items from the scope of this Protective Order or the Court so orders.  Documents and other items marked "CONFIDENTIAL" shall be marked in such a way as to leave all written portions of such documents and items uncovered and completely legible.

  6. Notwithstanding Paragraphs 3 and 4 above, the attorneys of record may use documents and items that are subject to this Protective Order in their examination of witnesses at deposition or trial in this case.  However, when a deponent is examined regarding such items or such items are attached as exhibits to a deposition transcript, then unless the parties otherwise agree on the record or in writing, the transcript shall be marked as described in Paragraph 5 above and subject to this Protective Order, and the exhibits shall be redacted to omit names, birth dates, social security numbers, and addresses.

  7. Within six months of the final disposition of this action (including any appeals), Plaintiffs' attorneys of record, upon request from Defendants' attorneys of record, shall destroy any and all documents and other items governed by this Protective Order, and all copies thereof, or provide them to Timothy C. Stutler, Chief Deputy City Attorney, 1200 Third Avenue, Suite 1100, San Diego, California, or his successor.

  8. The terms of this Protective Order shall not change, amend, or circumvent any applicable Federal Rule of Civil Procedure or local rule of court.

  9. The terms of this Protective Order shall not prevent any party to this action from seeking a modification of this Protective Order, and the Court may

modify the Protective Order for good cause, or in the interest of justice, **or for public policy reasons,** upon motion of a party to this action or on its own order at any time during the proceedings.  The parties reserve the right to object to the designation of documents and things produced under this Protective Order as confidential and to object to any redaction of any information.  **If a dispute regarding objection(s) to the designation of documents and things as confidential is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the parties shall file a joint motion for determination of discovery dispute, as outlined in Chambers Rules, no later than forty-five days after the challenging party's receipt of the designated material in issue.**

      10.    No document or other item governed this Protective Order shall be filed under seal unless counsel secures a court order allowing the filing of such document or item under seal.  An application to file a document or item under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.  Documents and items governed by this Protective Order may be lodged under seal, subject to an application to file under seal, and redacted versions of such documents and items approved by the other party may be publically filed.  If opposing counsel, or the person or entity who has custody and control of the document or item, wishes to oppose the application or the public filing of redacted documents or items, such party or entity must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed upon the conclusion of this action, the court shall retain jurisdiction to resolve any disputes arising out the release of any documents or items protected by this Protective Order.  **Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R.**

**79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.**

 **IT IS SO ORDERED**.

Dated: July 28, 2015

Hon. Nita L. Stormes
United States Magistrate Judge