1  JAN I. GOLDSMITH, City Attorney
   DANIEL F. BAMBERG, Assistant City Attorney
2  TIMOTHY C. STUTLER, Chief Deputy City Attorney
   California State Bar No. 131794
3       Office of the City Attorney
        1200 Third Avenue, Suite 1100
4       San Diego, California 92101-4100
        Telephone: (619) 533-5800
5       Facsimile: (619) 533-5856

6  Attorneys for Defendants NEAL N. BROWDER
   and CITY OF SAN DIEGO
7

8

                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  S.R. NEHAD, an individual, K.R. NEHAD, an individual, ESTATE OF FRIDOON RAWSHAN NEHAD, | ) Case No. 15cv1386 WQH (NLS) |
| 12 | ) **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| Plaintiffs, | ) |
| 13 | ) |
| v. | ) Judge: Hon. William Q. Hayes |
| 14 | ) Court Room: 14B Annex |
| NEAL N. BROWDER, an individual, | ) Trial: Not Set |
| 15  CITY OF SAN DIEGO, a municipality, and DOES 1 through 10, inclusive, | ) |
| 16 | ) |
| Defendants. | ) |
| 17 | ) |

18       COME NOW Defendants Neal N. Browder ("Officer Browder") and City of

19  San Diego, by and through their attorneys, San Diego City Attorney Jan I.

20  Goldsmith and Chief Deputy City Attorney Timothy C. Stutler, and answer

21  Plaintiffs' "First Amended Complaint for: (1) Deprivation of Civil Rights Under 42

22  U.S.C. § 1983 (Fourth Amendment); (2) Deprivation Of Civil Rights Under 42 U

23  .S.C. § 1983 (Fourteenth Amendment); (3) Deprivation of Civil Rights (Cal. Civ.

24  Code § 52.1) (4) Assault and battery; (5) Negligence; and (6) Wrongful Death"

25  ("FAC").

26       1.       Responding to Paragraph 1 of the FAC, Defendants admit that on

27  April 30, 2015, Officer Browder was acting under color of authority in his capacity

28  as a San Diego police officer, when he shot Fridoon Rawshan Nehad ("Plaintiffs'

Decedent"), and that Plaintiffs' Decedent later died of injuries sustained in the incident. Defendants deny that Plaintiffs' Decedent was unarmed. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph.

2. Responding to Paragraph 2 the FAC, Defendants admit that a private party or parties captured video footage showing some of the shooting scene during the incident and that the San Diego Police Department ("SDPD") has copies of the footage. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

3. Responding to Paragraph 3 of the FAC, Defendants admit that one or more individuals have viewed the video footage referenced in Paragraph 2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 3, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

4. Responding to Paragraph 4 of the FAC, Defendants admit that Officer Browder was wearing a body camera at the time of the shooting, which was not activated, and that he did not know whether the on-scene security cameras were functioning. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

5. Responding to Paragraph 5 of the FAC, Defendants admit that Plaintiffs in this action allege violation of their civil rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and state

law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

6. Responding to Paragraph 6 of the FAC, Defendants admit the following: the City of San Diego has provided the KECO video to Plaintiffs, subject to a Court-issued protective order – and that the City and SDPD previously declined to provide the footage until such time as was required by the Federal Rules of Civil Procedure governing disclosure and discovery in this action, other governing rules of law, or Court order, subject to such protective orders as the Court may deem appropriate. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

7. Responding to Paragraph 7 of the FAC, Defendants admit the following: that Plaintiffs filed this action on June 24, 2015, that Plaintiffs sought a court order allowing them to subpoena the KECO Video prior to the commencement of discovery in the action, that Defendants entered into joint motions and agreements regarding the video and other evidence and documents which are set forth in publically filed court papers, and that Defendants have complied with all of their agreements and court-issued protective orders in this case.

8. Responding to Paragraph 8 of the FAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is required, Defendants admit that

Plaintiffs filed an administrative claim with the City, which was denied prior to the filing of the FAC. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph.

9. Responding to Paragraph 9 of the FAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

10. Responding to Paragraph 10 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

11. Responding to Paragraph 11 of the FAC, Defendants affirmatively allege that said Paragraph contains jurisdictional and venue allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is required, Defendants admit that Officer Browder is a citizen of the United States of America and that venue is proper in the Southern District of California. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph.

12. Responding to Paragraph 12 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required. To the extent a response is required, Defendants admit that the SDPD is a department of the City of San Diego, that the City of San Diego is a municipality, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment. Except as expressly

admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

13.     Responding to Paragraph 13 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

14.     Responding to Paragraph 14 of the FAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to seek relief and assert jurisdiction in this action pursuant to the various laws cited in said Paragraph.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

15.     Responding to Paragraph 15 of the FAC, Defendants admit that Plaintiffs purport to seek the relief alleged in said Paragraph.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

///

16.     Responding to Paragraph 16 of the FAC, Defendants affirmatively allege that said Paragraph contains venue allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.   To the extent a response is required, Defendants admit that venue is proper in this Court.

17.     Responding to Paragraph 17 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

18.     Responding to Paragraph 18 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

19.     Responding to Paragraph 19 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

20.     Responding to Paragraph 20 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

21.     Responding to Paragraph 21 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

22.     Responding to Paragraph 22 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as

///

to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

23. Responding to Paragraph 23 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

24. Responding to Paragraph 24 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

25. Responding to Paragraph 25 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

26. Responding to Paragraph 26 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

27. Responding to Paragraph 27 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

28. Responding to Paragraph 28 of the FAC, Defendants admit that shortly after midnight on the morning of April 30, 2015, Plaintiffs' Decedent was in and around the Hi-Lite Bookstore at 3203 Hancock Street, San Diego, California. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein contained, and based thereon,

///

deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

29.     Responding to Paragraph 29 of the FAC, Defendants admit that shortly after midnight on the morning of April 30, 2015, the SDPD received a 911 call in which the caller reported a male at or around the Hi-Lite Bookstore was threatening people with a knife; that the SDPD responded by dispatching officers to the scene; and that Officer Browder was the first officer to arrive at the scene, shortly after midnight.

30.     Responding to Paragraph 30 of the FAC, Defendants admit the following: that as Officer Browder's marked black and white patrol car neared the Hi-Lite Bookstore, Plaintiffs' Decedent emerged from the shadows of an alley near the bookstore and headed directly for Officer Browder;  that Plaintiffs' Decedent brandished a metallic pen that appeared to be a knife; that by the time Officer Browder was able to react to the actions of Plaintiffs' Decedent by getting out of his car, yelling at Plaintiffs' Decedent to drop "it" or "the knife," and drawing his sidearm, Plaintiffs' Decedent had closed the substantial distance between himself and Officer Browder to between 10 and 15 feet; that immediately upon drawing his sidearm, Officer Browder fired, hitting Plaintiffs' Decedent once in the chest; and that Plaintiffs' Decedent was later pronounced dead by a physician at UCSD Medical Center.  Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported actions, opinions, and statements of a, "KECO employee who saw the KECO Video," and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

///

31.     Responding to Paragraph 31 of the FAC, Defendants admit that by the time Officer Browder was able to react to the actions of Plaintiffs' Decedent by getting out of his car, yelling at Plaintiffs' Decedent to drop "it" or "the knife," and drawing his sidearm, Plaintiffs' Decedent had closed the substantial distance between himself and Officer Browder to between 10 and 15 feet; that immediately upon drawing his sidearm, Officer Browder fired, hitting Plaintiffs' Decedent once in the chest.   Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported actions, opinions, and statements of a, "KECO employee who saw the video," and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

32.     Responding to Paragraph 32 of the FAC, Defendants admit that within a minute of Officer Browder's arrival at the scene, the following occurred: as Officer Browder's marked black and white patrol car neared the Hi-Lite Bookstore, Plaintiffs' Decedent emerged from the shadows of an alley near the bookstore and headed directly for Officer Browder; Plaintiffs' Decedent brandished a metallic pen that appeared to be a knife; by the time Officer Browder was able to react to the actions of Plaintiffs' Decedent by getting out of his car, yelling at Plaintiffs' Decedent to drop "it" or "the knife," and drawing his sidearm, Plaintiffs' Decedent had closed the substantial distance between himself and Officer Browder to between 10 and 15 feet;   and immediately upon drawing his sidearm, Officer Browder fired, hitting Plaintiffs' Decedent once in the chest.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any

agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

33.    Responding to Paragraph 33 of the FAC, Defendants admit the following: Officer Browder was equipped with a body worn camera at the time of the shooting; and that it was not activated at the time of the shooting.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

34.    Responding to Paragraph 34 of the FAC, Defendants admit that the SDPD acknowledges that its efforts to equip, train, and regulate its officers regarding the use of new technology like body worn cameras is an ongoing, evolving process, and that the SDPD continuously seeks to improve it procedures and policies regarding such issues as when cameras are to be activated and not activated.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

35.    Responding to Paragraph 35 of the FAC, Defendants admit that the current SDPD Procedure regarding body worn cameras provides that, "Officers are strongly encouraged to inform citizens that they are being recorded in an effort to de-escalate potential conflicts," and contains detailed provisions regarding training and use of the cameras, and provisions regarding violations of the Procedure. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of

Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

36.    Responding to Paragraph 36 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

37.    Responding to Paragraph 37 of the FAC, Defendants affirmatively allege that said Paragraph's statements regarding the evidentiary value of the footage are legal conclusions, legal argument, and evidentiary theories, to which no answer is required.  To the extent that a response is required, Defendants admit that video evidence is often pertinent to issues, admissible, and useful to the fact finder in civil actions.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

38.    Responding to Paragraph 38 of the FAC, Defendants admit the following: the City of San Diego has provided the KECO Video to Plaintiffs, subject to a Court-issued protective order, and that the City and SDPD previously declined to provide the footage until such time as was required by the Federal Rules of Civil Procedure governing disclosure and discovery in this action, other governing rules of law, or Court order, subject to such protective orders as the Court may deem appropriate.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

39.    Responding to Paragraph 39 of the FAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as

to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

40. Responding to Paragraph 40 of the FAC, Defendants admit the following: Plaintiffs filed this action on June 24, 2015; Plaintiffs sought a court order allowing them to subpoena the KECO video prior to the commencement of discovery in the action; Defendants entered into joint motions and agreements regarding the video and other evidence and documents which are set forth in publically filed court papers; and Defendants have complied with all of their agreements and the Court's orders in this case.

41. Responding to Paragraph 41 of the FAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer. To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

42. Responding to Paragraph 42 of the FAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to seek relief in this action pursuant to the various laws cited in said Paragraph. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

43. Responding to Paragraph 43 of the FAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

44. Responding to Paragraph 44 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and legal argument, to which no answer is required. To the extent a response is required, Defendants admit that Plaintiffs' Decedent died from injuries sustained when Officer Browder shot him, and that firing some weapons can constitute the use of deadly force in some situations. Defendants deny the following: that deadly force was unwarranted in this case; that Plaintiffs' Decedent was unarmed; and that Plaintiffs' Decedent did not appear to, and did not, threaten Officer Browder and others with deadly force. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

45. Responding to Paragraph 45 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

46. Responding to Paragraph 46 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required. To the extent a response is required, Defendants admit that Officer Browder acted under color of law and within the course and scope of his employment with the City of San Diego and the SDPD in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every

allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

47. Responding to Paragraph 47 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required. To the extent a response is required, Defendants admit that Officer Browder fired a single round from his sidearm, striking Decedent in the chest; and that Decedent died from his gunshot injury. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

48. Responding to Paragraph 48 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that the Estate of Plaintiffs' Decedent is entitled to any relief whatsoever.

49. Responding to Paragraph 49 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that the Estate of Plaintiffs' Decedent is entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

50. Responding to Paragraph 50 of the FAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer. To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

51. Responding to Paragraph 51 of the FAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal

conclusions and questions of law to be determined solely by the Court, to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to seek relief in this action pursuant to the various laws cited in said Paragraph. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

52. Responding to Paragraph 52 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and legal argument, to which no answer is required. To the extent a response is required, Defendants admit that Plaintiffs' Decedent died from injuries sustained when Officer Browder shot him, and that firing some weapons can constitute the use of deadly force in some situations. Defendants deny the following: that deadly force was unwarranted in this case; that Plaintiffs' Decedent was unarmed; and that Plaintiffs' Decedent did not appear to, and did not, threaten Officer Browder and others with deadly force. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego

53. Responding to Paragraph 53 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise

wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

54. Responding to Paragraph 54 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required. To the extent a response is required, Defendants admit that Officer Browder acted under color of law and within the course and scope of his employment with the City of San Diego and the SDPD in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

55. Responding to Paragraph 55 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions, questions of law and Plaintiffs' theory of the case, to which no answer is required. To the extent a response is required, Defendants admit that Officer Browder fired a single round from his sidearm, striking Decedent in the chest; and that Decedent died from his gunshot injury. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

56. Responding to Paragraph 56 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to any relief whatever.

///

57.    Responding to Paragraph 57 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

58.    Responding to Paragraph 58 of the FAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

59.    Responding to Paragraph 59 of the FAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that the constitutional provisions and statutes cited by Plaintiffs protect important rights and interests.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

60.    Responding to Paragraph 60 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

61.    Responding to Paragraph 61 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and

specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

62. Responding to Paragraph 62 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required. To the extent a response is required, Defendants admit that Officer Browder acted within the course and scope of his employment with the City of San Diego in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

63. Responding to Paragraph 63 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

64. Responding to Paragraph 64 of the FAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer. To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

65. Responding to Paragraph 65 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on

the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

66.     Responding to Paragraph 66 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

67.     Responding to Paragraph 67 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

68.     Responding to Paragraph 68 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted within the course and scope of his employment with the City of San Diego in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

69.     Responding to Paragraph 69 of the FAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent

///

further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

70.    Responding to Paragraph 70 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that California law imposes a general duty to use reasonable care to prevent harm to oneself or to others.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

71.    Responding to Paragraph 71 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

72.    Responding to Paragraph 72 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

73.    Responding to Paragraph 73 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted within the course and scope of his employment with the City of San Diego in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of

their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

74.     Responding to Paragraph 74 of the FAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

75.     Responding to Paragraph 75 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that California law imposes a general duty to use reasonable care to prevent harm to oneself or to others.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

76.     Responding to Paragraph 76 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

77.     Responding to Paragraph 77 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions, questions of law and Plaintiffs' theory of the case, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder fired a single round from his sidearm, striking Decedent in the chest; and that Decedent died from his

gunshot injury.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

78.    Responding to Paragraph 78 of the FAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

79.    Responding to Paragraph 79 of the FAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted within the course and scope of his employment with the City of San Diego in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

80.    Responding to Paragraph 1 of Plaintiffs' Prayer for Relief, Defendants affirmatively allege that said Paragraph is part of a prayer for relief to which no responsive pleading is required. To the extent that said paragraph is deemed to allege facts to which a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

81.     Responding to Paragraph 2 of Plaintiffs' Prayer for Relief, Defendants affirmatively allege that said Paragraph is part of a prayer for relief to which no responsive pleading is required. To the extent that said paragraph is deemed to allege facts to which a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to attorneys' fees, costs, interest, or any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1.      This Court is without subject matter jurisdiction over Plaintiffs' claims.

2.      The FAC, and each claim asserted therein, fails to state a claim upon which relief can be granted.

3.      Plaintiffs failed to adequately mitigate their damages, if any, and any recovery or any other award to which they are entitled should be reduced accordingly.

4.      Plaintiffs' FAC fails to state facts sufficient to constitute a cause of action against these answering Defendants.

5.      Income taxes must be deducted from all alleged past and future lost earnings, if any.

6.      To the extent the events of which Plaintiffs complain were undertaken by Defendants, Defendants deny any unlawful, unconstitutional, or otherwise wrongful motive and would have taken the same actions absent unlawful, unconstitutional, or otherwise wrongful motive.

7.      All future damages, if any, must be reduced to present value.

8.      Plaintiffs are not entitled to pretrial interest.

9.      Plaintiffs are not entitled to declaratory or injunctive relief, or prejudgment interest.

///

10.     Officer Browder is not liable for his acts or omissions, while exercising due care, in the execution or enforcement of any law.

11.     Public employees are not liable for an injury caused by the act or omission of another person.

12.     Defendants are not liable for punitive damages.

13.     The conduct in question did not constitute a violation of a federally protected right.

14.     At all times, Officer Browder acted reasonably and did not know that his conduct violated clearly established statutory of constitutional rights of which a reasonable person would have known; his conduct was reasonable, lawful, based on probable cause and within the scope of his official duties and employment; and he is therefore entitled to qualified immunity.

15.     Plaintiffs' Decedent was negligent in and about the matters alleged in the FAC and said carelessness on his part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

16.     Any and all acts of Defendants at or near the time alleged in the FAC were reasonable and said Defendants had reasonable cause to act in the manner they did.

17.     At the time of the initial contact, the Officer Browder was acting within the scope of his employment and had probable cause to believe that Plaintiffs' Decedent was engaging in, or had just engaged in, a prohibited activity. During the contact, Officer Browder was acting within the scope of his employment and had probable cause to believe that said person had committed a crime.

18.     If Plaintiffs are entitled to recover for any damages suffered at the time and place alleged, then the total amount of damages to which Plaintiffs would otherwise be entitled should be reduced in proportion to the amount of fault attributable to Plaintiffs' Decedent, or to a third person or persons, which fault directly and proximately contributed to Plaintiffs' alleged damages.

19.    Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

20.    At the time of the contact, Officer Browder attempted to persuade Plaintiffs' Decedent to follow directions and in doing so, only used force necessary for the occasion.

21.    Officer Browder was at all times alleged in the FAC performing duties, in good faith, impartially, fairly and as required by law under conditions required by law.

22.    Plaintiffs do not have standing to seek relief for each and every cause of action, as set forth in the FAC.

23.    Plaintiffs' injuries and damages, if any, were the result of the exercise of the discretion vested in Defendant City of San Diego, and/or the officers, agents and/or employees of the public entity, and there is no liability therefore, pursuant to the California Code, including the California Government Code, sections 815.2(b) and 820.2.

24.    The answering Defendants and/or public employees are not liable for the acts and conduct of Plaintiffs' Decedent which caused the underlying events at issue in the FAC to occur and, but for such acts, the events alleged in the FAC would not have occurred, and/or Plaintiffs' Decedent would not have been involved or engaged or otherwise subject to the matters alleged in Plaintiffs' FAC, including any citation, detention, apprehension, arrest, or control or force, if any, or otherwise having sustained the matters alleged, including any and all injuries, inconvenience and damages alleged in the FAC.

25.    On or before the date of the subject incident, Plaintiffs' Decedent knew or reasonably should have known the hazards or dangers involved in his actions and, as a result, voluntarily assumed the risk in and about the matters alleged in the FAC.

26.     Plaintiffs' Decedent acted wrongfully in the matters complained of and Plaintiffs are thus barred totally or partially by the doctrine of unclean hands from receiving the relief requested.

27.     Defendant City of San Diego is immune from liability in that a public entity is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability.

28.     Defendant City of San Diego is not liable for an injury arising out of an act or omission of its employees, where the subject employee is immune from liability.

29.     Defendant City of San Diego, its agents and employees, and the Defendant Police Officers are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

30.     Officer Browder reasonably believed that Plaintiffs' Decedent was going to harm him or others, and used only the amount of force that was reasonably necessary to protect himself or others.

31.     The FAC and/or certain counts, claims and/or causes of action therein is/are barred by operation of law, including the applicable statute of limitations for the claims, causes of action or counts, and/or applicable claims presentation requirements for each, any and/or the causes, counts or claims under California law, including but not limited to the following: that Plaintiffs failed to timely file their causes, counts or claims and/or complaint as against certain Defendants and/or that Plaintiffs failed to comply with the claims presentation requirements, and/or late claims presentation requirements set forth in Government Code section 901, et seq.

32.     Replacing DOE Amendments with named Police Officers does not comply with Federal Rules of Civil Procedure 15.

33.     Defendants reserve the right to allege and does affirmatively allege and state the avoidance and affirmative defenses set forth in Rule 8 as if fully set forth herein, and particularly including assumption of risk, contributory negligence,

negligence, estoppel, latches, collateral estoppel and/or res judicata, statute of limitations and waiver.

34.     Defendants hereby give notice that they intend to rely on such other and further affirmative defenses as may become apparent during discovery in this action and reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, these answering Defendants pray judgment as follows:

1.     Plaintiffs take nothing by their FAC;

2.     Defendants receives their costs of suit incurred herein; and

3.     Such other relief as the court deems proper

## JURY TRIAL DEMAND

Defendants demand a trial by jury in this action pursuant to Federal Rules of Civil Procedure, Rule 38(b).

Dated:  August 13, 2015          JAN I. GOLDSMITH, City Attorney


By  */s/ Timothy C. Stutler*
        Timothy C. Stutler
        Chief Deputy City Attorney

Attorneys for Defendants NEAL N. BROWDER and CITY OF SAN DIEGO

TStutler@sandiego.gov