JAN I. GOLDSMITH, City Attorney
DANIEL F. BAMBERG, Assistant City Attorney
JOHN E. RILEY, Chief Deputy City Attorney
California State Bar No. 144268
TIMOTHY C. STUTLER, Deputy City Attorney
California State Bar No. 131794
BEVERLY A. ROXAS, Deputy City Attorney
California State Bar No. 298582
     Office of the City Attorney
     1200 Third Avenue, Suite 1100
     San Diego, California 92101-4100
     Telephone:  (619) 533-5800
     Facsimile:   (619) 533-5856

Attorneys for Defendants SHELLEY ZIMMERMAN,
NEAL N. BROWDER and the CITY OF SAN DIEGO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R. NEHAD, an individual, K.R. NEHAD, an individual, ESTATE OF FRIDOON RAWSHAN NEHAD, <br><br> Plaintiffs, <br><br> v. <br><br> SHELLEY ZIMMERMAN, in her personal and official capacity as Chief RIGHTS UNDER 42 U.S.C. § 1983 of Police, NEAL N. BROWDER, an individual, CITY OF SAN DIEGO, a municipality, and DOES 1 through 10, inclusive, <br><br>     Defendants. | Case No.  15cv1386 WQH (NLS) <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Judge:  Hon. William Q. Hayes <br> Court Room:  14B Annex <br> Trial:  Not Set |

COMES NOW Defendants Shelley Zimmerman, Neal N. Browder, and City of San Diego, by and through their attorneys, San Diego City Attorney Jan I. Goldsmith, Chief Deputy City John E. Riley, Deputy City Attorney Timothy C. Stutler, and Deputy City Attorney Beverly A. Roxas, and answer Plaintiffs' Second Amended Complaint herein ("SAC").

    1.    Responding to Paragraph 1 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that

Defendants have voluntarily offered and provided to Plaintiffs the video of the shooting in this case, as well as the rest of the San Diego Police Department's ("SDPD") Homicide Binder.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

2.      Responding to Paragraph 2 the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that the video shows SDPD officer Neal Browder use deadly force against Rawshannehad Fridoon Zalbeg ("Plaintiffs' Decedent").  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

3.      Responding to Paragraph 3 of the SAC, Defendants deny that on midnight on April 30, 2015, Plaintiffs' Decedent was walking at a leisurely pace, strolling, or ambling along in downtown San Diego; deny that he was unarmed; and deny that he was not violating the law.

4.      Responding to Paragraph 4 of the SAC, Defendants admit that Officer Browder responded to an emergency call that Plaintiffs' Decedent was armed and threatening another or others with a knife, that the officer drove up an alley toward Plaintiffs' Decedent, that the headlights of the officers' car were on and not his flashing lights, that the officer activated his car's high beams after turning into the alley, and that Plaintiffs' Decedent covered more than 100 feet in an effort to get to Officer Browder.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and

specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

5.      Responding to Paragraph 5 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit the following: that Officer Browder got out of his car when Plaintiffs' Decedent had closed the gap between them to between 20 and 30 feet; that Officer Browder loudly and clearly ordered Plaintiffs' Decedent to stop and to "drop it" or "drop the knife"; that Plaintiffs' Decedent continued moving toward Officer Browder, wielding what Plaintiffs' Decedent represented to be a knife; and that when Plaintiffs' Decedent failed to obey the officer's unmistakable and unequivocal commands, Officer Browder drew his gun and shot Plaintiffs' Decedent at a distance of approximately 15 to 17 feet.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

6.      Responding to Paragraph 6 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit the following: that Officer Browder did not activate his body-worn camera when responding to the call about Plaintiffs' Decedent threatening another or others with a knife; that Officer Browder believed Plaintiffs' Decedent was about to stab him with a knife, was focused on defending himself and others, and did not notice or consider whether video cameras might capture the event; and that Officer Browder observed one or more civilian witnesses in the immediate area right before the shooting and, if he had the opportunity to consider it, would have realized they

were in an ideal position to observe what followed.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

7.     Responding to Paragraph 7 of the SAC, Defendants admit that the object Officer Browder believed to be a knife was a shiny, pointed, metallic pen; that Officer Browder truthfully stated that he did not see any other weapon at the scene; that after the officer had answered the investigating officers' questions, his attorney informed the investigating officers that the interview was done; and that drug and alcohol testing were neither required of nor performed on Officer Browder the morning of the shooting.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

8.     Responding to Paragraph 8 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that SDPD investigators spoke with Officer Browder again on May 5, 2015; that, again, the officer truthfully and accurately reported the events of April 30, 2015; that he told the investigators that Plaintiffs' Decedent was walking toward him aggressively and at a fast pace; and that he told the investigators he thought Plaintiffs' Decedent was going to stab him with a knife.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any

agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

9.    Responding to Paragraph 9 of the SAC, Defendants admit that when he was asked whether any other force options crossed his mind, Officer Browder truthfully responded, "I didn't even have a chance.  I mean it didn't even cross my mind.  It happened that quick.  I didn't have a chance to use any other force options."    Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

10.    Responding to Paragraph 10 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

11.    Responding to Paragraph 11 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that Officer Browder has served with the SDPD for over 27 years and knew many of the department's customs and practices.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

12.    Responding to Paragraph 12 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that

investigators found no wrongdoing on Officer Browder's part, and that the officer has returned to patrol duty.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

13.    Responding to Paragraph 13 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that Chief Zimmerman has worked diligently to improve all aspects of the SDPD's performance, has met with success in many performance areas, and continues to work on other performance areas.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

14.    Responding to Paragraph 14 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

15.    Responding to Paragraph 15 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that after Officer Browder had answered the investigating officers' questions the morning of the shooting, his attorney informed the investigating officers that the interview was

done; that drug and alcohol testing were neither required of nor performed on Officer Browder the morning of the shooting; that Officer Browder's attorney requested a copy of the KECO video to review with the officer; and that Officer Browder truthfully described the shooting and truthfully estimated the distances involved – accounts that were corroborated by subsequent investigation and independent witness testimony.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

16.    Responding to Paragraph 16 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that Officer Browder has returned to patrol duty and that a police chief has overall responsibility for her department, including the proper performance of its investigations.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

17.    Responding to Paragraph 17 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

18.    Responding to Paragraph 18 of the SAC, Defendants affirmatively

allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

19.   Responding to Paragraph 19 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

20.   Responding to Paragraph 20 of the SAC, Defendants admit that Plaintiffs purport to seek the relief described in said Paragraph.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

21.   Responding to Paragraph 21 of the SAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

22.   Responding to Paragraph 22 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that

Plaintiffs purport to assert jurisdiction in this action pursuant to the various laws cited in said Paragraph.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

23.    Responding to Paragraph 23 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs filed an administrative claim with the City, which was denied prior to the filing of the SAC.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph.

24.    Responding to Paragraph 24 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

25.    Responding to Paragraph 25 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

26.    Responding to Paragraph 26 of the SAC, Defendants affirmatively

allege that said Paragraph contains jurisdictional and venue allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that Officer Browder is a citizen of the United States of America and that venue is proper in the Southern District of California.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph.

27.    Responding to Paragraph 27 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that the SDPD is a department of the City of San Diego, that the City of San Diego is a municipality, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

28.    Responding to Paragraph 28 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional and venue allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that Chief Zimmerman is the Chief of the SDPD and a citizen of the United States of America and that venue is proper in the Southern District of California. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph.

29.    Responding to Paragraph 29 of the SAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

30.    Responding to Paragraph 30 of the SAC, Defendants admit that Plaintiffs in this action allege violations of their civil rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and state law.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

31.    Responding to Paragraph 31 of the SAC, Defendants admit that Plaintiffs purport to seek the relief alleged in said Paragraph.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

32.    Responding to Paragraph 32 of the SAC, Defendants affirmatively allege that said Paragraph contains venue allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.   To the extent a response is required, Defendants admit that venue is proper in this Court.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

33.     Responding to Paragraph 33 of the SAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

34.     Responding to Paragraph 34 of the SAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

35.     Responding to Paragraph 35 of the SAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

36.     Responding to Paragraph 36 of the SAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

37.     Responding to Paragraph 37 of the SAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

38.     Responding to Paragraph 38 of the SAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

39.     Responding to Paragraph 39 of the SAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

40.    Responding to Paragraph 40 of the SAC, Defendants admit that Plaintiffs' Decedent was arrested numerous times for both violent and non-violent offenses, and jailed for such crimes as burglary, larceny, vandalism, and willful obstruction of law enforcement officers by use of threats or violence.  Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

41.    Responding to Paragraph 41 of the SAC, Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

42.    Responding to Paragraph 42 of the SAC, Defendants admit the following: that Plaintiffs' Decedent assaulted, battered, and threatened Plaintiffs and other members of his family, as well as their associates; that Plaintiffs and various other family members and associates called the police numerous times seeking protection from him.  Defendants affirmatively allege that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

43.    Responding to Paragraph 43 of the SAC, Defendants admit that the family of Plaintiffs' Decedent sought at least two restraining orders against Plaintiffs' Decedent after he vandalized their property and assaulted, battered, and threatened Plaintiffs and other members of their family.  Defendants deny that the family of Plaintiffs' Decedent had to be told by the police or anyone else that they needed protection from Plaintiffs' Decedent, or that they sought their restraining orders against him because the police advised them to do so.  Defendants affirmatively allege that they are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

44.     Responding to Paragraph 44 of the SAC, Defendants admit that around midnight on the morning of April 30, 2015, Plaintiffs' Decedent was walking toward, menacing, and chasing after victims with a knife or knife-like object in and around the Hi-Lite Bookstore at 3203 Hancock Street, San Diego, California, and a nearby nude entertainment club.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

45.     Responding to Paragraph 45 of the SAC, Defendants admit that shortly after midnight on the morning of April 30, 2015, the SDPD received a 911 call in which the caller reported that a male at or around the Hi-Lite Bookstore was threatening people with a knife; that the SDPD responded by dispatching officers to the scene; that Officer Browder was the first officer to arrive at the scene, shortly after midnight; and that Officer Browder drove his car partway into the alley adjacent to the bookstore.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

46.     Responding to Paragraph 46 of the SAC, Defendants admit the following: that as Officer Browder's marked black and white police cruiser neared the Hi-Lite Bookstore, Plaintiffs' Decedent emerged from the shadows of an alley near the bookstore about 75 to 100 feet from Officer Browder, crossed the alley toward Officer Browder, and headed purposefully, aggressively, and directly for

Officer Browder; and that Officer Browder illuminated his car's high beams after Plaintiffs' Decedent started his approach toward the car.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

47.   Responding to the allegations of Paragraph 47 of the SAC that Officer Browder did not turn on his flashing lights or siren, Defendants admit that rather than consider whether to activate his car's red and blue lights or siren, Officer Browder was focused on (1) what he saw and heard in the alley, particularly the imminent threat presented by Plaintiffs' Decedent, (2) radio communications regarding the knife threats made by Plaintiffs' Decedent, and (3) defending himself, in that: Plaintiffs' Decedent brandished a metallic pen that appeared to be a knife; Officer Browder saw the metallic pen and reasonably believed it was a knife; and Officer Browder believed Plaintiffs' Decedent was going to stab him.  Responding to the allegations of Paragraph 47 of the SAC that Plaintiffs' Decedent "probably did not know he was approaching a police officer" Defendant denies the allegation to the extent that: Plaintiffs' Decedent knew or reasonably should have known that one of the victims he had chased or threatened with a knife just moments before would call the police; Plaintiffs' Decedent knew or reasonably should have known that the police would respond to his victims' call for help; Plaintiffs' Decedent could see that Officer Browder's car was a marked black and white police cruiser from the time the car approached the alley on the street until it illuminated Plaintiffs' Decedent, and possibly later; from before the moment Officer Browder pulled into the alley until the moment he fired his sidearm, Plaintiffs' Decedent knew or should have known from Officer Browder's movements, actions, uniform, car, words, tone, and volume that he was a police officer; by the time Officer

Browder was able to react to the actions of Plaintiffs' Decedent by getting out of his car, Plaintiff was approaching a point approximately 25 feet from Officer Browder; Officer Browder yelled at Plaintiffs' Decedent to "stop" and to "drop it" or "drop the knife," drew his sidearm, and illuminated Plaintiffs' Decedent with his flashlight as Plaintiffs' Decedent approached even closer; Plaintiffs' Decedent kept moving toward Officer Browder until the moment the officer drew his sidearm and fired.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

48.   Responding to Paragraph 48 of the SAC, Defendants admit the following: that by the time Officer Browder was able to react to the actions of Plaintiffs' Decedent by getting out of his car, Plaintiff was approaching a point approximately 25 feet from Officer Browder; that Officer Browder drew his sidearm when Plaintiffs' Decedent approached closer; that immediately upon drawing his sidearm, Officer Browder fired, hitting Plaintiffs' Decedent once in the chest; and that Plaintiffs' Decedent did not stop moving toward Officer Browder before the officer drew his sidearm and fired.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

49.   Responding to allegations of Paragraph 49 of the SAC that Plaintiffs' Decedent did not make any aggressive movements or threatening gestures and was not armed, Defendants deny such allegations to the following extent: that Plaintiffs' Decedent knew or should have known that Officer Browder was a police officer;

that as Officer Browder's marked black and white police cruiser neared the Hi-Lite Bookstore, Plaintiffs' Decedent emerged from the shadows of an alley near the bookstore about 75 to 100 feet from Officer Browder, crossed the alley toward Officer Browder, and headed purposefully, aggressively, and directly for Officer Browder; that Plaintiffs' Decedent had a custom and practice of threatening and assaulting others with knives; that Plaintiffs' Decedent had a custom and practice of threatening and assaulting others with pens, which he held like knives and represented to be knives; that as he approached Officer Browder, Plaintiffs' Decedent held a silver and blue metallic pen that appeared to be a knife; that as he approached Officer Browder, Plaintiffs' Decedent brandished the pen like a knife; that Plaintiffs' Decedent had no writing paper in his possession and no legitimate reason to be brandishing a pen like a knife; that Officer Browder saw the metallic pen and the way Plaintiffs' Decedent wielded it, and reasonably believed that it was a knife; that Plaintiffs' Decedent had chased and threatened to kill one victim with a knife or pen in the same alley just minutes before; that Plaintiffs' Decedent had menaced a second victim just minutes before in a nearby nude entertainment club by brandishing the knife or pen; that by the time Officer Browder was able to react to the actions of Plaintiffs' Decedent by getting out of his car, Plaintiff was approaching close to Officer Browder; that Officer Browder yelled at Plaintiffs' Decedent to "stop" and "drop it" or "drop the knife," drew his sidearm, and illuminated Plaintiffs' Decedent with his flashlight when Plaintiffs' Decedent approached even closer; that immediately upon drawing his sidearm, Officer Browder fired, hitting Plaintiffs' Decedent once in the chest; and that Plaintiffs' Decedent did not stop moving toward Officer Browder before the moment the officer drew his sidearm and fired.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials,

officers, offices, agencies, departments or divisions of the City of San Diego.

50.    Responding to Paragraph 50 of the SAC, Defendants deny that Plaintiffs' Decedent was shot without warning, in that: Plaintiffs' Decedent knew or reasonably should have known that one of the victims he had chased and threatened to kill with a knife or pen just moments before would call the police; Plaintiffs' Decedent knew or reasonably should have known that the police would respond to his victim's call for help; Plaintiffs' Decedent could see that Officer Browder's car was a marked black and white police cruiser from the time the car drove down the street toward the alley until it illuminated Plaintiffs' Decedent, and possibly later; from before the moment Officer Browder pulled into the alley until the moment he fired his sidearm, Plaintiffs' Decedent knew or should have known from Officer Browder's movements, actions, uniform, car, words, tone, and volume that he was a police officer; that as Officer Browder's marked black and white police cruiser neared the Hi-Lite Bookstore, Plaintiffs' Decedent emerged from the shadows of an alley near the bookstore about 75 to 100 feet from Officer Browder, crossed the alley toward Officer Browder, and headed purposefully, aggressively, and directly for Officer Browder; Plaintiffs' Decedent had a custom and practice of threatening and assaulting victims with pens, which he held like knives and represented to be knives; as he approached Officer Browder, Plaintiffs' Decedent held a silver and blue metallic pen that appeared to be a knife; as he approached Officer Browder, Plaintiffs' Decedent brandished the pen like a knife; Plaintiffs' Decedent had no writing paper in possession and no legitimate reason to be holding a pen like that; that Officer Browder saw the metallic pen and the way Plaintiffs' Decedent wielded it, and reasonably believed that it was a knife; that Plaintiffs' Decedent intended, knew, or reasonably should have known that Officer Browder believed the metallic pen to be a knife; Plaintiffs' Decedent knew or reasonably should have known that that Officer Browder would defend himself against what appeared to be knife attack; by the time Officer Browder was able to react to the actions of Plaintiffs'

Decedent by getting out of his car, Plaintiff was approaching closer; Officer Browder yelled at Plaintiffs' Decedent to "stop," "drop it" or "drop the knife," drew his sidearm, and illuminated Plaintiffs' Decedent with his flashlight when Plaintiffs' Decedent was approaching yet closer; immediately upon drawing his sidearm, Officer Browder fired, hitting Plaintiffs' Decedent once in the chest; and Plaintiffs' Decedent did not stop moving toward Officer Browder before the moment the officer drew his sidearm and fired.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

51.   Responding to Paragraph 51 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit the following: that Plaintiffs' Decedent had a custom and practice of arming himself, threatening, and assaulting others with knives; that Plaintiffs' Decedent had a custom and practice of arming himself, threatening, and assaulting others with pens, which he held like knives and represented to be knives; that consistent with his custom of practice, Plaintiffs' Decedent approached Officer Browder armed with a silver and blue metallic pen that he represented to be a knife; that as he approached Officer Browder, Plaintiffs' Decedent brandished the pen like a knife; that Plaintiffs' Decedent had no writing paper in possession and no legitimate reason to be holding a pen like that; that Officer Browder saw the metallic pen and the way Plaintiffs' Decedent wielded it, and reasonably believed that it was a knife; that Plaintiffs' Decedent had chased and threatened to kill a victim with a knife or pen in the same alley just minutes before; that Plaintiffs' Decedent had threated a second victim just minutes before in a nearby nude entertainment club by

brandishing the knife or pen; and that Officer Browder yelled at Plaintiffs' Decedent to "stop," "drop it" or "drop the knife."  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

52.   Responding to Paragraph 52 of the SAC, Defendants admit the following: that Plaintiffs' Decedent had a custom and practice of arming himself, threatening, and assaulting others with knives; that Plaintiffs' Decedent had a custom and practice of arming himself, threatening, and assaulting others with pens, which he held like knives and represented to be knives; that consistent with his custom of practice, Plaintiffs' Decedent approached Officer Browder armed with a silver and blue metallic pen that he represented to be a knife; that as he approached Officer Browder, Plaintiffs' Decedent brandished the pen like a knife; that Plaintiffs' Decedent had no writing paper in possession and no legitimate reason to be holding a pen like that; that Officer Browder saw the metallic pen and the way Plaintiffs' Decedent wielded it, and reasonably believed that it was a knife; that Plaintiffs' Decedent had chased and threatened to kill a victim with a knife or pen in the same alley just minutes before; that Plaintiffs' Decedent had threated a second victim just minutes before in a nearby nude entertainment club by brandishing the knife or pen; and that Officer Browder yelled at Plaintiffs' Decedent to "stop," "drop it" or "drop the knife."  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

53.     Responding to Paragraph 53 of the SAC, Defendants admit the following: SDPD investigators accurately measured and reported the distance between Officer Browder and Plaintiffs' Decedent at the moment the officer fired; the percipient witnesses gave accounts of the incident consistent with what the investigators determined.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

54.     Responding to Paragraph 54 of the SAC, Defendants admit the following: the SDPD investigators properly investigated the shooting, including, among other things, interviewing the officer involved and percipient witnesses, analyzing video and other evidence, taking measurements, and gathering and analyzing other evidence.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

55.     Responding to Paragraph 55 of the SAC, Defendants admit the following: that SDPD investigators properly investigated the shooting; that SDPD investigators properly questioned Officer Browder apart from others; that Officer Browder received appropriate instructions; that Officer Browder believed the pen wielded by Plaintiffs' Decedent was  a knife; that Officer Browder was asked and truthfully answered that he did not see any other weapon at the scene; and that after the officer had answered several questions, his attorney informed the investigating officers that the interview was done; and that blood testing was neither required nor performed on Officer Browder the morning of the shooting.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every

allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

56.   Responding to Paragraph 56 of the SAC, Defendants admit the following: that a few days after the investigators' initial questioning of Officer Browder on the morning of the shooting, Officer Browder's attorney requested a copy of the KECO video to review with the officer; that investigators resumed their questioning of Officer Browder a few days after the investigators' initial questioning; that investigators asked appropriate questions designed to elicit the facts of the incident; and that Officer Browder gave a truthful account of the incident.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

57.   Responding to Paragraph 57 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.   To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

58.   Responding to Paragraph 58 of the SAC, Defendants admit the following: Officer Browder was equipped with a body-worn camera at the time of the shooting; that it was not activated at the time of the shooting; that the then-effective SDPD Procedure regarding body-worn cameras anticipated did not require the camera's activation under the circumstances; and that Officer Browder was not

disciplined, because he violated no policy regarding body-worn cameras.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

59.     Responding to Paragraph 59 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit the following: that the KECO Video contains poor-quality footage of the shooting from one perspective; that the video does not show the demeanor of Plaintiffs' Decedent or many of the other indicators that revealed how great a threat he posed to Officer Browder; that the video does not include audio of the commands Officer Browder shouted at Plaintiffs' Decedent -- which were heard by numerous witnesses and would have prevented the shooting if Plaintiffs' Decedent had simply heeded them; that the video supports Defendants' understanding of the incident; that the SDPD's previous decisions regarding the video's release were based on its consistently applied policies on such releases, and not on whether the video supported a particular "version" of events; and that modification of the protective order currently in place to allow the video's release to Internet sites and various media outlets would have the effect described in papers filed by Defendants with the Court in this matter.

60.     Responding to Paragraph 60 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices,

agencies, departments or divisions of the City of San Diego.

61.    Responding to Paragraph 61 of the SAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

62.    Responding to Paragraph 62 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to seek relief in this action pursuant to the various laws cited in said Paragraph.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

63.    Responding to Paragraph 63 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph.

64.    Responding to Paragraph 64 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and legal argument, to which no answer is required.  To the extent a response is required, Defendants admit that Plaintiffs' Decedent died from injuries sustained when Officer Browder shot him, and that firing some weapons can constitute the use of deadly force in some situations.  Defendants deny the following: that deadly force was unwarranted in

this case; that Plaintiffs' Decedent was unarmed; and that Plaintiffs' Decedent did not appear to, and did not, threaten Officer Browder and others with deadly force. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

65.   Responding to Paragraph 65 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

66.   Responding to Paragraph 66 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted under color of law and within the course and scope of his employment with the City of San Diego and the SDPD in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

67.   Responding to Paragraph 67 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder fired a single round from his sidearm, striking Plaintiffs' Decedent

in the chest; and that Plaintiffs' Decedent died from his gunshot injury.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph.

68.    Responding to Paragraph 68 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that the Estate of Plaintiffs' Decedent is entitled to any relief whatsoever.

69.    Responding to Paragraph 69 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that the Estate of Plaintiffs' Decedent is entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

70.    Responding to Paragraph 70 of the SAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

71.    Responding to Paragraph 71 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to seek relief in this action pursuant to the various laws cited in said Paragraph.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices,

agencies, departments or divisions of the City of San Diego.

72.   Responding to Paragraph 72 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and legal argument, to which no answer is required.  To the extent a response is required, Defendants admit that Plaintiffs' Decedent died from injuries sustained when Officer Browder shot him, and that firing some weapons can constitute the use of deadly force in some situations.  Defendants deny the following: that deadly force was unwarranted in this case; that Plaintiffs' Decedent was unarmed; and that Plaintiffs' Decedent did not appear to, and did not, threaten Officer Browder and others with deadly force. Except as expressly admitted, Defendants deny, generally and specifically, each, all and every remaining allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego

73.   Responding to Paragraph 73 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions, questions of law and Plaintiffs' theory of the case, to which no answer is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

74.   Responding to Paragraph 74 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted under color of law and within the course and scope of his employment with the City of San Diego and the SDPD in all his dealings with

Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

75.   Responding to Paragraph 75 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions, questions of law and Plaintiffs' theory of the case, to which no answer is required.   To the extent a response is required, Defendants admit that Officer Browder fired a single round from his sidearm, striking Plaintiffs' Decedent in the chest; and that Plaintiffs' Decedent died from his gunshot injury.   Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

76.   Responding to Paragraph 76 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to any relief whatever.

77.   Responding to Paragraph 77 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

78.   Responding to Paragraph 78 of the SAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.   To the extent

28

further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

79.     Responding to Paragraph 79 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

80.     Responding to Paragraph 80 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

81.     Responding to Paragraph 81 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

82.     Responding to Paragraph 82 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph,

specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

83.    Responding to Paragraph 83 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

84.    Responding to Paragraph 84 of the SAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

85.    Responding to Paragraph 85 of the SAC, Defendants admit that as the Chief of Police, Chief Zimmerman has overall responsibility for her department, including the investigation of the shooting at issue in this case.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

86.    Responding to Paragraph 86 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that the City of San Diego voluntarily requested an audit of the SDPD in 2014, which was completed in March 2015.  The audit requested by the City of San Diego resulted in numerous recommendations to handle perceived gaps in policies and practices

regarding the handling of misconduct investigations and hiring practices.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

87.    Responding to Paragraph 87 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants admit that Chief Zimmerman and the SDPD have diligently attempted to implement the recommendations of the auditors and otherwise improve the SDPD, and have achieved a measure of success – though this is an ongoing effort.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

88.    Responding to Paragraph 88 of the SAC, in exercising her overall supervisorial responsibility over her department's activities, including the investigation of the shooting at issue in this case, Chief Zimmerman acted under color of law.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

89.    Responding to Paragraph 89 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and

specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

90.    Responding to Paragraph 90 of the SAC, Defendants affirmatively allege that said Paragraph contains improper argument and hyperbole to which no response is required.  To the extent a response required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

91.    Responding to Paragraph 91 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

92.    Responding to Paragraph 92 of the SAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

93.    Responding to Paragraph 93 of the SAC, Defendants affirmatively allege that said Paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no response is required.  To the extent a response is required, Defendants admit that the constitutional provisions and statutes cited by Plaintiffs protect important rights and interests.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and

specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

94.     Responding to Paragraph 94 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

95.     Responding to Paragraph 95 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

96.     Responding to Paragraph 96 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted within the course and scope of his employment with the City of San Diego in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

97.     Responding to Paragraph 97 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph,

1  specifically deny that Plaintiffs are entitled to any relief whatsoever, and
2  specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on
3  the part of Defendants, or any agents, employees, officials, officers, offices,
4  agencies, departments or divisions of the City of San Diego.

5  98. Responding to Paragraph 98 of the SAC, Defendants incorporate
6  herein their responses to the preceding paragraphs of this Answer. To the extent
7  further response is required to the allegations contained in said Paragraph,
8  Defendants deny the allegations contained therein.

9  99. Responding to Paragraph 99 of the SAC, Defendants admits that
10 section 52.1 of the California Civil Code provides for various civil actions for
11 protection of rights, under the terms set forth in that section, and that section 52.3
12 sets forth prohibitions against certain conduct depriving persons of Constitutional
13 rights, privileges, or immunities. Except as expressly admitted, Defendants deny,
14 generally and specifically, each, all and every allegation contained in said
15 Paragraph.

16 100. Responding to Paragraph 100 of the SAC, Defendants admits that
17 section 52.1 of the California Civil Code provides for various civil actions for
18 protection of rights, under the terms set forth in that section, and that section 52.3
19 sets forth prohibitions against certain conduct depriving persons of Constitutional
20 rights, privileges, or immunities. Except as expressly admitted, Defendants deny,
21 generally and specifically, each, all and every allegation contained in said
22 Paragraph.

23 101. Responding to Paragraph 101 of the SAC, Defendants deny, generally
24 and specifically, each, all and every allegation contained in said Paragraph,
25 specifically deny that Plaintiffs are entitled to any relief whatsoever, and
26 specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on
27 the part of Defendants, or any agents, employees, officials, officers, offices,
28 agencies, departments or divisions of the City of San Diego.

102.   Responding to Paragraph 102 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

103.   Responding to Paragraph 103 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

104.   Responding to Paragraph 104 of the SAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

105.   Responding to Paragraph 105 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

106.   Responding to Paragraph 106 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

107.   Responding to Paragraph 107 of the SAC, Defendants deny, generally

and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

108.  Responding to Paragraph 108 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted within the course and scope of his employment with the City of San Diego in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

109.  Responding to Paragraph 109 of the SAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

110.  Responding to Paragraph 110 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that California law imposes a general duty to use reasonable care to prevent harm to oneself or to others.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices,

agencies, departments or divisions of the City of San Diego.

111.   Responding to Paragraph 111 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

112.   Responding to Paragraph 112 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

113.   Responding to Paragraph 113 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted within the course and scope of his employment with the City of San Diego in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

114.   Responding to Paragraph 114 of the SAC, Defendants incorporate herein their responses to the preceding paragraphs of this Answer.  To the extent further response is required to the allegations contained in said Paragraph, Defendants deny the allegations contained therein.

115.   Responding to Paragraph 115 of the SAC, Defendants affirmatively

allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that California law imposes a general duty to use reasonable care to prevent harm to oneself or to others.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

116.  Responding to Paragraph 116 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

117.  Responding to Paragraph 117 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions, questions of law and Plaintiffs' theory of the case, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder fired a single round from his sidearm, striking Plaintiffs' Decedent in the chest; and that Plaintiffs' Decedent died from his gunshot injury.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

118.  Responding to Paragraph 118 of the SAC, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, specifically deny that Plaintiffs are entitled to any relief whatsoever, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices,

agencies, departments or divisions of the City of San Diego.

119.   Responding to Paragraph 119 of the SAC, Defendants affirmatively allege that said Paragraph contains legal conclusions and argument, to which no answer is required.  To the extent a response is required, Defendants admit that Officer Browder acted within the course and scope of his employment with the City of San Diego in all his dealings with Plaintiffs' Decedent, and that a municipality is generally responsible for the actions of its police officers in the course and scope of their employment.  Except as expressly admitted, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny any unlawful, unconstitutional, or otherwise wrongful conduct on the part of Defendants, or any agents, employees, officials, officers, offices, agencies, departments or divisions of the City of San Diego.

120.  Responding to Paragraph 120 of Plaintiffs' Prayer for Relief, Defendants affirmatively allege that said Paragraph is part of a prayer for relief to which no responsive pleading is required. To the extent that said paragraph is deemed to allege facts to which a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

121.  Responding to Paragraph 121 of Plaintiffs' Prayer for Relief, Defendants affirmatively allege that said Paragraph is part of a prayer for relief to which no responsive pleading is required. To the extent that said paragraph is deemed to allege facts to which a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to attorneys' fees, costs, interest, or any other relief whatsoever.

122.  Responding to Paragraph 122 of Plaintiffs' Prayer for Relief, Defendants affirmatively allege that said Paragraph is part of a prayer for relief to which no responsive pleading is required. To the extent that said paragraph is

Document Number:1117314                    39
                                                              Case No. 15CV1386 WQH (NLS)

deemed to allege facts to which a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to injunctive relief or any other relief whatsoever.

123.   Responding to Paragraph 123 of Plaintiffs' Prayer for Relief, Defendants affirmatively allege that said Paragraph is part of a prayer for relief to which no responsive pleading is required. To the extent that said paragraph is deemed to allege facts to which a response is required, Defendants deny, generally and specifically, each, all and every allegation contained in said Paragraph, and specifically deny that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1.   This Court is without subject matter jurisdiction over Plaintiffs' claims.

2.   The SAC, and each claim asserted therein, fails to state a claim upon which relief can be granted.

3.   Plaintiffs failed to adequately mitigate their damages, if any, and any recovery or any other award to which they are entitled should be reduced accordingly.

4.   Income taxes must be deducted from all alleged past and future lost earnings, if any.

5.   To the extent the events of which Plaintiffs complain were undertaken by Defendants, Defendants deny any unlawful, unconstitutional, or otherwise wrongful motive and would have taken the same actions absent unlawful, unconstitutional, or otherwise wrongful motive.

6.   All future damages, if any, must be reduced to present value.

7.   Plaintiffs are not entitled to declaratory or injunctive relief, or prejudgment interest.

8.   Defendants are not liable for acts or omissions, while exercising due

care, in the execution or enforcement of any law.

9.     Defendants are not liable for an injury caused by the act or omission of another person.

10.    Defendants are not liable for punitive damages.

11.    The conduct in question did not constitute a violation of a federally protected right.

12.    At all times, Officer Browder acted reasonably and did not know that his conduct violated clearly established statutory of constitutional rights of which a reasonable person would have known; his conduct was reasonable, lawful, based on probable cause and within the scope of his official duties and employment; and he is therefore entitled to qualified immunity.

13.    Any and all acts of Defendants at or near the time alleged in the SAC were reasonable and said Defendants had reasonable cause to act in the manner they did.

14.    At the time of the initial contact, the Officer Browder was acting within the scope of his employment and had probable cause to believe that Plaintiffs' Decedent was engaging in, or had just engaged in, a prohibited activity. During the contact, Officer Browder was acting within the scope of his employment and had probable cause to believe that said person had committed a crime.

15.    If Plaintiffs are entitled to recover for any damages suffered at the time and place alleged, then the total amount of damages to which Plaintiffs would otherwise be entitled should be reduced in proportion to the amount of fault attributable to Plaintiffs' Decedent, or to a third person or persons, which fault directly and proximately contributed to Plaintiffs' alleged damages.

16.    Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

17.    At the time of the contact, Officer Browder attempted to persuade

Plaintiffs' Decedent to follow directions and only used force necessary for the occasion.

18.    Defendants were at all times alleged in the SAC performing duties, in good faith, impartially, fairly and as required by law under conditions required by law.

19.    Plaintiffs do not have standing to seek relief for each and every cause of action, as set forth in the SAC.

20.    Plaintiffs' injuries and damages, if any, were the result of the exercise of the discretion vested in Defendant City of San Diego, or the officers, agents or employees of the public entity, and there is no liability therefore.

21.    The answering Defendants and/or public employees are not liable for the acts and conduct of Plaintiffs' Decedent which caused the underlying events at issue in the SAC to occur and, but for such acts, the events alleged in the SAC would not have occurred, and/or Plaintiffs' Decedent would not have been involved or engaged or otherwise subject to the matters alleged in Plaintiffs' SAC, including any citation, detention, apprehension, arrest, or control or force, if any, or otherwise having sustained the matters alleged, including any and all injuries, inconvenience and damages alleged in the SAC.

22.    On or before the date of the subject incident, Plaintiffs' Decedent knew or reasonably should have known the hazards or dangers involved in his actions and, as a result, voluntarily assumed the risk in and about the matters alleged in the SAC.

23.    Defendant City of San Diego is immune from liability in that a public entity is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability.

24.    Defendant City of San Diego is not liable for an injury arising out of an act or omission of its employees, where the subject employee is immune from liability.

25.    Defendant City of San Diego, its agents and employees, and the Defendant Police Officers are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

26.    Officer Browder reasonably believed that Plaintiffs' Decedent was going to harm him or others, and used only the amount of force that was reasonably necessary to protect himself or others.

27.    The SAC and/or certain counts, claims and/or causes of action therein is/are barred by operation of law, including the applicable statute of limitations for the claims, causes of action or counts, and/or applicable claims presentation requirements for each, any and/or the causes, counts or claims under California law, including but not limited to the following: that Plaintiffs failed to timely file their causes, counts or claims and/or complaint as against certain Defendants and/or that Plaintiffs failed to comply with the claims presentation requirements, and/or late claims presentation requirements set forth in Government Code section 901, et seq.

28.    Defendants cannot be held vicariously liable or liable on a theory of respondeat superior for the alleged actions of others.

29.    Replacing DOE Amendments with named Police Officers does not comply with Federal Rules of Civil Procedure 15.

30.    Defendants hereby give notice that they intend to rely on such other and further affirmative defenses as may become apparent during discovery in this action and reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, these answering Defendants pray judgment as follows:

1.    Plaintiffs take nothing by their SAC;

2.    Defendants receives their costs of suit incurred herein; and

3.    Such other relief as the court deems proper

///

///

///

# JURY TRIAL DEMAND

Defendants demand a trial by jury in this action pursuant to Federal Rules of Civil Procedure, Rule 38(b).

Dated:  October 30, 2015                    JAN I. GOLDSMITH, City Attorney


By  /s/  Timothy C. Stutler
                    TIMOTHY C. STUTLER
                    Deputy City Attorney

Attorneys for Defendants SHELLEY ZIMMERMAN, NEAL N. BROWDER and the CITY OF SAN DIEGO