SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GUYLYN R. CUMMINS, Cal. Bar No. 122445
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

Attorneys for VOICE OF SAN DIEGO,
KPBS, KGTV 10 News, THE SAN
DIEGO UNION-TRIBUNE and
*inewsource* (collectively the MEDIA)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R. NEHAD, an individual, K.R. NEHAD, an individual, ESTATE OF FRIDOON RAWSHAN NEHAD,<br><br>Plaintiffs,<br><br>v.<br><br>NEAL N. BROWDER, an individual, CITY OF SAN DIEGO, a municipality, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 15-cv-1386-WQH (NLS)<br><br>**EVIDENTIARY OBJECTIONS TO SUPPLEMENTAL DECLARATIONS OF MICHAEL PARME AND DAVID RAMIREZ SUBMITTED BY DEFENDANT NEAL N. BROWDER IN OPPOSITION TO MEDIA'S MOTION FOR PERMISSIVE INTERVENTION TO OBTAIN ACCESS TO VIDEO AND INVESTIGATIVE RECORDS**<br><br>**ORAL ARGUMENT**<br><br>Date:   December 15, 2015<br>Time:   9:00 a.m.<br>CtRm:  14B<br>Judge:  Hon. William Q. Hayes |

The Media hereby submits these Objections to the Supplemental Declarations Of Michel Parme and Executive Assistant Chief of Police David Ramirez submitted by Officer Browder in opposition to the Media's motion for access to the Video and Officer Browder's statement.

## LEGAL STANDARD FOR EVIDENTIARY OBJECTIONS

The Media objects to the evidence below on a number of grounds. The legal support for these objections is as follows:

1. **Irrelevant**: Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); Fed. R. Evid. 401 ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence.").

2. **Lacks Personal Knowledge, Lacks Foundation, Speculation**: **Fed. R. Evid. 602** ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) (finding that it is not enough for the declarant simply to state that he or she has personal knowledge of the facts stated; rather, the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information); *Payne v. Paule*, 337 F.3d 767, 772 (7th Cir. 2003) ("[A]lthough personal knowledge may include reasonable inferences, those inferences must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.") (internal quotes omitted); *Kim v. U.S.*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court properly rejected affidavit not based on personal knowledge) (citing *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996)).

1    3.    **Best Evidence Rule**: **Fed. R. Evid. 1002** ("An original writing, recording, or photograph is required in order to prove its content. . ."); *Bissoon-Dath v. Sony Computer Entertainment Am., Inc.*, 694 F. Supp. 2d 1071, 1080 (N.D. Cal. 2010) (striking portions of declaration "opin[ing]" on a document attached to the declaration because the characterization of the written document violated the best evidence rule – in essence, the document speaks for itself); *Gonzalez v. Allstate Ins. Co.*, No. CV 04-1548 FMC (PJWx), 2005 WL 5891935, at *4 n. 13 (C.D. Cal. Aug. 2, 2005) ("Even if the documents from Allstate's customer database are business records, they are not submitted along with the declaration.  Zamora's testimony as to the contents of those business records is hearsay.  Zamora's testimony also violates the best evidence rule.  When the only source of a witness's knowledge is a writing, the contents of that writing are at issue, [] the party submitting the evidence must comply with Fed. R. Evid. 1002.").

4.    **Improper Expert Opinion: Fed. R. Evid. 702** (allowing a witness to give an expert opinion only if the "witness is qualified as an expert by knowledge, skill, experience, training or education" and if the testimony "is based upon sufficient facts or data… is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case"); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (expert may not offer opinion on ultimate issue of law); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards"); *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 778 (7th Cir. 2013) ("[a] court does not need an expert to explain an area of law").

# EVIDENTIARY OBJECTIONS

# SUPPLEMENTAL DECLARATION OF MICHAEL PARME

| Evidence | Objections | Ruling |
|---|---|---|
| Supplemental Declaration Of Michael Parme ¶ 4.<br><br>There is presently an Internal Affairs investigation of Officer Browder regarding the April 30, 2015 incident. Based on information and belief, that investigation remains ongoing as of the date of filing this Declaration." | **Lacks relevance as to public access to the video or other evidence of the shooting and calls for speculation regarding any purported harm public access would cause.** The video will be part of the internal police investigation regardless of public access to it. It has likewise been part of the District Attorney's investigation, which has concluded without charges brought. The public interest in viewing the video is thus of utmost importance. Video of many officer involved shootings have been publicly released in other cases with no impact on any internal police or other investigations or prejudice to any jury venire, as the Media's motion shows. Moreover, given that the District Attorney's investigation has been completed, witnesses have been questioned, and evidence collected, and this is merely another investigation in the series of investigations, there should be no taint or prejudice to the evidence already collected and preserved by law enforcement and the District Attorney. | ☐ Sustained<br>☐ Overruled |
| Supplemental Declaration Of Michael Parme ¶ 6.<br><br>"Widespread dissemination of the materials sought by the Media threatens the fairness and impartiality of the investigation Officer Browder is entitled to under the Public Safety Officers Procedural Bill of Rights Act. Moreover, as acknowledged by the San Diego County District Attorney, a fair and thorough | **Lacks relevance as to public access to the video or other evidence of the shooting and calls for speculation regarding any purported harm public access would cause. Improper opinion of counsel.** The video will be part of the internal police investigation regardless of public access to it. It has likewise been part of the District Attorney's investigation, which has | ☐ Sustained<br>☐ Overruled |

-3-  Case No. 15-cv-1386-WQH (NLS)

SMRH:473923353.1   EVIDENTIARY OBJ TO SUPP DECS OF MICHAEL PARME AND DAVID RAMIREZ

| Evidence | Objections | Ruling |
|---|---|---|
| investigation of the incident encompasses consideration regarding what Officer Browder could see, what he sensed, what he said, and what he reasonably believed.  The Media's intent to disseminate only a small sample of the investigative record poses an unreasonable risk to the integrity and fairness of the ongoing Internal Affairs investigation.  Denial of the Media's motion is consistent with both the expressed concerns of the San Diego County District Attorney and the integrity of the ongoing investigation." | concluded without charges being brought.  The public interest in viewing the video is thus of utmost importance.  Video of many officer involved shootings have been publicly released in other cases with no impact on any internal police or other investigations or prejudice to any jury venire, as the Media's motion shows.  Moreover, given that the District Attorney's investigation has been completed, witnesses have been questioned, and evidence collected, and this is merely another investigation in the series of investigations, there should be no taint or prejudice to the evidence already collected and preserved by law enforcement and the District Attorney.  Officer Browder's counsel is not a competent expert to opine on these issues. | |
| Supplemental Declaration Of Michael Parme ¶ 7.  "Even more relevant to the instant civil action, none of the additional information offered by the Media in the Supplemental Declaration addresses the underlying concern that the jury pool would be irreparably contaminated by disseminating the video.  The risk of prejudice to Officer Browder is substantial, especially given that Plaintiffs seek, among other relief, punitive damages.  Indeed, the substantial information provided by Will Rountree in opposition to the Media's motion remains good cause to deny it." | **Lacks relevance as to public access to the video or other evidence of the shooting and calls for speculation regarding any purported harm public access would cause.  Improper opinion of counsel**.  The video will be part of the internal police investigation regardless of public access to it.  It has likewise been part of the District Attorney's investigation, which has concluded without charges being brought.  The public interest in viewing the video is thus of utmost importance.  Video of many officer involved shootings have been publicly released in other cases with no impact on any internal police or other investigations or prejudice to any jury venire, as the Media's motion shows.  Moreover, given that the District Attorney's investigation | ☐ Sustained<br>☐ Overruled |

| Evidence | Objections | Ruling |
|---|---|---|
| | has been completed, witnesses have been questioned, and evidence collected, and this is merely another investigation in the series of investigations, there should be no taint or prejudice to the evidence already collected and preserved by law enforcement and the District Attorney.  Officer Browder's counsel is not a competent expert to opine on these issues. | |

## EXHIBIT A – SUPPLEMENTAL DECLARATION OF DAVID RAMIREZ

| Evidence | Objections | Ruling |
|---|---|---|
| Supplemental Declaration Of David Ramirez ¶ 3, ¶ 4.<br><br>"The officer-involved shooting which forms the basis for this case was recently assigned to Internal Affairs for investigation and is currently open."<br><br>"The San Diego Police Department's Internal Affairs investigation is separate and distinct from the investigation conducted by the District Attorney of San Diego County." | **Lacks relevance as to public access to the video or other evidence of the shooting and calls for speculation regarding any purported harm public access would cause.**  The video will be part of the internal police investigation regardless of public access to it.  It has likewise been part of the District Attorney's investigation, which has concluded without charges being brought.  The public interest in viewing the video is thus of utmost importance. Video of many officer involved shootings have been publicly released in other cases with no impact on any internal police or other investigations or prejudice to any jury venire, as the Media's motion shows.  Moreover, given that the District Attorney's investigation has been completed, witnesses have been questioned, and evidence collected, and this is merely another investigation in the series of investigations, there should be no taint or prejudice to the evidence already collected and preserved | ☐ Sustained<br>☐ Overruled |

by law enforcement and the District Attorney.

Dated:  December 2, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ Guylyn R. Cummins
GUYLYN R. CUMMINS
Attorneys for the MEDIA
gcummins@sheppardmullin.com