UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R. NEHAD, an individual, K.R. NEHAD, an individual, ESTATE OF FRIDOON RAWSHAN NEHAD,<br><br>                Plaintiffs,<br>  v.<br>NEAL N. BROWDER, an individual, CITY OF SAN DIEGO, a municipality, and DOES 1 through 10, inclusive,<br><br>                Defendants. | CASE NO. 15CV1386 WQH - NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion for Permissive Intervention for Access to Videotape of Police Shooting and Statement of Officer Regarding the Shooting filed by Voice of San Diego, KPBS, KGTV 10 News, The San Diego Union-Tribune and *inewsource*. (ECF No. 16).

**BACKGROUND FACTS**

On June 24, 2015, Plaintiffs filed a Complaint against Defendant Neal N. Browder, alleging deprivation of civil right rights under 42 U.S.C. § 1983. On July 23, 2015, Plaintiffs filed a First Amended Complaint against Defendant Browder adding the City of San Diego. The First Amended Complaint alleges that Fridoon Rawshan was shot to death on April 30, 2015 by Defendant Browder, a San Diego police officer, acting under color of authority. The First Amended Complaint alleges,

> The shooting was captured on a surveillance video owned by a private business named KECO, Inc. (the "KECO Video"). KECO has the video of the shooting and provided a copy to the San Diego Police Department

("SDPD").

(ECF No. 9 at 2). After the City of San Diego was added as a Defendant, Counsel for the City of San Diego "offered to Plaintiffs' counsel of record all video footage regarding the shooting as well as the San Diego Police Department's homicide investigation binder, subject to an appropriate protective order." (ECF No. 26-1 at 9).

On July 24, 2015, all parties filed a joint motion for a protective order which would require the Defendants' attorneys to immediately produce to Plaintiffs' attorneys copies of "all video footage in their possession . . . depicting the surrounding area or scene of the April 30, 2015 shooting of Fridoon Rawshan Nehad on or around that date." (ECF No. 11 at 2). The joint motion would require the parties and their attorneys to agree to not "[c]onvey, transfer, copy, publish, show, or distribute the documents or other items produced . . . to anyone other than the parties and their attorneys of record, . . . without court approval." *Id.*

On July 28, 2015, the United States Magistrate Judge signed an Order Granting Joint Motion for Protective Order. (ECF No. 13). The Protective Order provides in part as follows:

> 1. Defendants' attorneys of record shall immediately produce to Plaintiffs' attorneys of record copies of all video footage in their possession, custody, or control depicting the surrounding area or scene of the April 30, 2015 shooting of Fridoon Rawshan Nehad on or around that date.
>
> 2. Defendants' attorneys of record shall produce to Plaintiffs' attorneys of record redacted copies of all other documents and items contained in the San Diego Police Department's homicide investigation binder in this case, as soon as such documents are redacted, and in any event no more than fourteen court days following the date this Protective Order is issued.
>
> 3. The parties, their attorneys of record, and anyone acting in concert with them or participating with them, agree to not engage in, allow, nor perform any of the following:
>
> a. Convey, transfer, copy, publish, show, or distribute the documents or other items produced pursuant to this Protective Order, nor authorize another to transfer, copy, publish, show, or distribute such documents or items, to anyone other than the parties and their attorneys of record, experts, consultants, paralegals, legal assistants, clerical staff and investigators and other officers, agents, employees and representatives of the parties or the attorneys of record who are directly assisting the attorneys of record in this case, without court approval; . . . .

4. Plaintiffs have asked the Court for leave to serve a subpoena on KECO, Inc., a third party whose surveillance cameras captured the shooting underlying this action (the "KECO Video"). The parties, their attorneys of record, and anyone acting in concert with them or participating with them, agree to not engage in, allow, nor perform any of the following:

a. Convey, transfer, copy, publish, show, or distribute the KECO Video, nor authorize another to transfer, copy, publish, show, or distribute such video, to anyone other than the parties and their attorneys of record, experts, consultants, paralegals, legal assistants, clerical staff and investigators and other officers, agents, employees and representatives of the parties or the attorneys of record who are directly assisting the attorneys of record in this case, without court approval; or
b. Use the KECO Video for any purpose other than prosecuting or defending the instant civil proceedings pursuant to applicable law.
. . .

9. The terms of this Protective Order shall not prevent any party to this action from seeking a modification of this Protective Order, and the Court may modify the Protective Order for good cause, or in the interest of justice, **or for public policy reasons**, upon the motion of a party to this action or its own order at any time during the proceedings.

(ECF No. 13 at 1-4). Pursuant to the Protective Order, attorneys for Defendant City of San Diego provided "the Homicide Investigation Binder, including all video footage of the scene," to attorneys for Plaintiffs. (ECF No. 26-1 at 9).

On August 19, 2015, Voice of San Diego, KPBS, KGTV 10 News, The San Diego Union-Tribune and *inewsource*, collectively referred to as "the Media," filed a motion seeking intervention pursuant to Federal Rules of Civil Procedure 24(b) "to assert public and press access rights to review and copy the security camera Video of the police shooting of FRIDOON RAWSHAN NEHAD and the official statement of Officer Neal N. Browder. . . ." (ECF No. 16 at 2).[1] The Media further asserts that there has been no particularized showing of harm to support good cause for the continuation of the Protective Order in this case.

Defendants City of San Diego and Neal Browder oppose the motion to obtain

---

[1] This information is not a part of the record in this case. On November 30, 2015, Plaintiffs filed a motion to lodge the KECO video under seal in support of Plaintiffs' motion to change venue. (ECF No. 44). This motion has not been granted.

public and press access to video and investigative records.[2] (ECF Nos. 26, 27, and 28). Defendants submit the Declaration of Shelly Zimmerman, Chief, San Diego Police Department to establish "good cause" under Rule 26(c)(1) to support the continuation of the Protective Order. Zimmerman states in part, "I am concerned that the release of evidence will inflame violent or unstable elements, leading to threats and violence in San Diego, and particularly against Officer Browder and his family." (ECF No. 26-1 at 6). Zimmerman states, "Violence and threats against officers – including SDPD officers – have increased dramatically the past few years." *Id.* Zimmerman provides statistics regarding the number of assault on officers, and states that "officers are regularly subjected to not only physical and verbal abuse, but also to threats, some explicit and some more veiled." *Id.* Zimmerman describes one telephone message in August 2015 involving a threat to two police officers, and one internet postings by "Anonymous" referring to the shooting in this case which demands that Defendant Browder be arrested and charged with murder. *Id.* at 7.

On November 12, 2015, the Media filed the Supplemental Declaration of Guylyn Cummins in support of the motion for permissive intervention to obtain access to video and records in which the declarant states in part:

> On November 9, 2015, San Diego District Attorney Bonnie Dumanis released a statement and gave a televised press conference about the shooting of Mr. Nehad by Officer Browder. . . . The statement is titled "DA:SDPD Officer Believed Lives Were in Danger, is Legally Justified in Midway Shooting," and it further states,
>
> San Diego County District Attorney Bonnie Dumanis today found that based on a thorough review of the evidence and the law, a San Diego Police Officer who fatally shot Fridoon Rawshan Nehad, 42, on April 30 of this year is not criminally liable for his actions.

(ECF No. 37 at 2).

On November 30, 2015, Defendants filed the Supplemental Declaration of Michael Parme in opposition to the motion for permissive intervention to obtain access

---

[2] Defendant City of San Diego does not oppose the Media's intervention for the limited purpose of seeking discovery of the video and the statement.

to video and records in which the declarant states in part,

> The Supplemental Declaration [of Cummins] addresses only the issue regarding the status of the San Diego County District Attorney's criminal investigation. Notwithstanding the completion of the investigation, the San Diego County District Attorney has refused to release the video of the shooting.
>
> Officer Browder is currently on active duty with the San Diego Police Department. There is presently an Internal Affairs investigation of Officer Browder regarding the April 30, 2015 incident. Based on information and belief, that investigation remains ongoing as of the date of filing this Declaration.

(ECF No. 39 at 2).

On November 30, 2015, Plaintiffs filed a Notice of Non-opposition stating in part that Plaintiffs "do not oppose the media's motion to intervene to obtain the video that shows San Diego police officer Neal Browder shooting Fridoon Nehad to death." (ECF No. 45 at 2).

On December 15, 2015, the Court held argument on the Media's motion to intervene for access to the KECO video and the statement of Officer Browder. All parties and the Media appeared.

**CONTENTIONS OF THE PARTIES**

The Media seeks to obtain the video and the statement "in order to publicly report on the killing and how it occurred." (ECF No. 16-1 at 6). The Media asserts that Plaintiffs are willing to provide copies and discuss the information with the Media. The Media asserts that there is no evidence that the release of the materials will increase any threat to Officer Browder's safety or due process rights. The Media contends that it has standing to challenge the Protective Order on the grounds that good cause does not exist under Rule 26(c) of the Federal Rules of Civil Procedure. The Media contends that Rule 26(c), the common law, and the First Amendment require that public access be afforded to the KECO video and the statement at issue.

Defendants oppose modifying the Protective Order prior to trial to allow public disclosure of the KECO video and the statement. Defendants contend that good cause exists to protect the video and statement from public dissemination. Defendants assert

that particularized prejudice or harm will result from the dissemination of the information in the absence of a Protective Order, including: 1) prejudice to the pending Internal Affairs investigation, 2) risk to Defendant Browder's safety and due process rights, and 3) prejudice to the potential jury pool.[3]

## ANALYSIS

Rule 26(c) of the Federal Rules of Civil Procedure provides in part,

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; . . .

FRCP 26(c)(1). In *Phillips Ex Rel. Estates of Byrd v. G. M. Corp.*, 307 F.3d 1206 (9th Cir. 2002), the Court of Appeals explained,

> For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News, Inc.*, 187 F.3d at 1102 (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary.

307 F.3d at 1210-11.

In this case, the Court must determine whether good cause exists under Rule 26(c)(1) to prevent the disclosure of the information pursuant to the Protective Order.[4] The record demonstrates that the criminal investigation of Officer Browder is completed. There are no facts in the record to demonstrate that the Internal Affairs investigation of the San Diego Police Department will be improperly influenced by the

---

[3] Defendant Browder asserted that the protections in the California Public Records Act for investigation records provides a "good reason to oppose public access to investigation documents until the DA's criminal investigation is completed." (ECF No. 27 at 13). The record now demonstrates that the criminal investigation is completed.

[4] The Protective Order does not include a finding of good cause .

disclosure of the KECO video and the statement to the public.  Defendants do not provide evidence that would connect the release of the information sought in this case to an increase in assaults on police officers or to a particularized threat of harm to Defendant Browder.  *See Beckman Indus., Inc.*, 966 F.2d at 476  ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citation omitted).

In order to justify prior restraint of information on the grounds of the right to an impartial jury, it must be "clear that further publicity, unchecked, would so distort the views of potential jurors that 12 could not be found who would, under proper instructions, fulfill their sworn duty to render a just verdict exclusively on the evidence presented in open court."  *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 569 (1976); *see also*, *Columbia Broad. Sys, Inc. v. U.S. District Court for the Cent. Dist. of Cal.*, 729 F.2d 1174, 1180 (9th Cir. 1984) ("the publicity must threaten to prejudice the entire community so that twelve unbiased jurors can not be found.").  There is no evidence to suggest that the public dissemination of the information from this case currently limited by the Protective Order could meet this standard or that peremptory challenges and instructions to the jury would not be sufficient to obtain a fair and impartial jury.

## CONCLUSION

Plaintiffs request that the Court vacate the Protective Order and stand ready to disclose the information to the Media.  The Court concludes that Defendants have not carried their burden to show "good cause" to continue the Protective Order under Rule 26(c).  Because the Court has not found that "particularized harm will result from disclosure of [the] information to the public," the Court declines to conduct an *in camera* review of the video or to "balance[] the public and private interests to decide whether a protective order is necessary."  *Phillips*, 307 F.3d at 1211.

The Court will vacate the Protective Order.  The information at issue is not currently a part of the court record.  Consequently, the Court will not grant the motion to order public access to the information at this stage in the proceedings.

1  IT IS HEREBY ORDERED that the Protective Order (ECF No. 13) filed on July 28, 2015 is vacated.

IT IS FURTHER ORDERED that motion of the Media for Permissive Intervention for Access to Videotape of Police Shooting and Statement of Officer Regarding the Shooting (ECF No. 16) filed by Voice of San Diego, KPBS, KGTV 10 News, The San Diego Union-Tribune and *inewsource* (ECF No. 16) is granted in part and denied in part as follows: permissive intervention is granted, the motion for public access is otherwise denied without prejudice.

IT IS FURTHER ORDERED that this order is stayed for seven days in order to allow any party the opportunity to file a Notice of Appeal.

DATED: December 16, 2015

**WILLIAM Q. HAYES**
United States District Judge