1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16

| | |
|---|---|
| S.R. NEHAD, an individual, K.R. NEHAD, an individual, ESTATE OF FRIDOON RAWSHAN NEHAD, <br><br> Plaintiffs, <br> v. <br> NEAL N. BROWDER, an individual, CITY OF SAN DIEGO, a municipality, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 15cv1386 WQH - NLS <br><br> ORDER |

HAYES, Judge:

17
18

The matter before the Court is the motion to change venue (ECF No. 40) filed by Plaintiffs Estate of Fridoon Rawshan Nehad, K.R. Nehad, and S.R. Nehad.

19
20

**I. Background**

21
22

On June 24, 2015, Plaintiffs filed a Complaint against Defendant Neal N. Browder, alleging deprivation of civil rights under 42 U.S.C. § 1983. On July 23, 2015, Plaintiffs filed a First Amended Complaint against Defendant Browder adding the City of San Diego. The First Amended Complaint alleges that Fridoon Rawshan Nehad was shot to death on April 30, 2015 by Defendant Browder, a San Diego police officer acting under color of authority.

23
24
25
26
27

On July 2015, the United States Magistrate Judge signed an Order Granting Joint Motion for Protective Order. (ECF No. 13). The Protective Order required Defendants' attorneys of record to immediately produce to Plaintiffs' attorneys copies of video

28

footage depicting the "surrounding area or scene of the April 30, 2015 shooting of Fridoon Rawshan Nehad . . ." and copies of documents contained in the San Diego Police Department's homicide investigation binder. *Id.* at 1. The Protective Order required the parties and their attorneys to not "[c]onvey, transfer, copy, publish, show, or distribute the documents or other items produced . . . to anyone other than the parties and their attorneys of record, . . . without court approval." *Id.*

On August 19, 2015, Voice of San Diego, KPBS, KGTV 10 News, The San Diego Union-Tribune and inewsource, filed a motion seeking intervention pursuant to Federal Rules of Civil Procedure 24(b) "to assert public and press access rights to review and copy the security camera Video of the police shooting of FRIDOON RAWSHAN NEHAD and the official statement of Officer Neal N. Browder." (ECF No. 16 at 2).

On November 9, 2015, San Diego County District Attorney Bonnie Dumanis announced that no criminal charges will be filed against Officer Neal Browder for fatally shooting Fridoon Rawshan Nehad. (ECF No. 41: Ex. G - M).

On November 30, 2015, Plaintiffs filed a motion to change venue on the grounds that the jury pool in San Diego has been prejudiced by public statements made by District Attorney Bonnie Dumanis about Fridoon Rawshan Nehad. (ECF No. 40). On November 30, 2015, Plaintiffs filed the "Motion to Lodge Exhibits A &B Under Seal in Support of Motion to Change Venue," requesting to lodge the videos of the police shootings under seal. (ECF No. 44). The motion to lodge the videos under seal stated that the videos were "currently covered by the Stipulated Protective Order . . . and therefore must be lodged under seal. *Id.* at 2.

On December 16, 2015, the Court issued an Order vacating the Protective Order, granting the motion for permissive intervention, and otherwise denying the motion for public access without prejudice. (ECF No. 51).

On December 22, 2015, District Attorney Dumanis released video footage of the fatal shooting. (ECF No. 52-2: Ex. C - K).

On December 28, 2015, Plaintiffs filed a supplemental brief in support of their motion to change venue. (ECF No. 52). Plaintiffs concurrently lodged declarations and exhibits, including the videos of the police shooting.[1] On December 29, 2015, Defendants filed an opposition to the motion to change venue. (ECF No. 53). On January 5, 2016, Plaintiffs filed a reply.

On March 8, 2016, the Court heard oral argument.

## II. Contentions of the Parties

Plaintiffs contend that "they can no longer get a fair trial in San Diego because . . . San Diego County District Attorney Bonnie Dumanis has gone out in the media and prejudiced the jury pool." (ECF No. 40 at 5). Plaintiffs contend that

> on November 9, 2015, DA Dumanis called a press conference and made dishonest, inflammatory and gratuitous statements about the case. She attacked the victim, Fridoon Nehad, as a violent criminal with a long rap sheet; and she praised the shooter, Officer Neal Browder, as a model police officer who did nothing wrong. Among other things, the DA: Identified 18 prior violent incidents involving Fridoon (dating to 2004); Called Fridoon a drug addict who was a threat to the community; Said Fridoon "was not taking any appropriate medications to treat his bipolar disorder or schizophrenia"; Said Fridoon "was not someone who could be reasoned with"; Called Fridoon's family "his most frequent victims"; and Speculated that Fridoon knew Browder was a police officer and attacked him anyway.

*Id.* Plaintiffs contend that "[e]very television station in San Diego covered the story. And the DA is continuing to spread her 'story' through social media – Twitter, press releases, and facebook. *Id.* at 6. Plaintiffs contend that "[v]oir dire will not cure the problem. . . . We cannot just ask potential jurors if they have seen the media coverage. We will have to dig deeper and ask them, specifically, if they saw the DA's press conference, letter or tweets, or the news stories . . . ." *Id.* at 7.

Plaintiffs contend that "[o]n December 22, 2015, DA Dumanis called another press conference to release the video and other evidence subject to the Protective Order." (ECF No. 52 at 2). Plaintiffs contend that DA Dumanis made "argumentative

---

[1] Because the videos are no longer covered by the Protective Order and Plaintiff has lodged the videos not under seal (ECF No. 52, Ex. N,O), the motion to lodge the videos under seal (ECF No. 44) is denied as moot.

and inaccurate statements" about evidence related to the shooting. *Id.* at 3. Plaintiffs contend that DA Dumanis "released witness statements and reports, but only those that were favorable to Browder." *Id.* at 4. Plaintiffs contend that "[t]he DA's press conference was the lead story on television and radio stations throughout San Diego. The DA's edited version of the shooting video was posted on YouTube and has been viewed over 45,000 times already." *Id.* at 4-5.

Defendants contend that DA Dumanis' statements to the press were not prejudicial and contained only information that would be admissible evidence at trial. (ECF No. 53 at 7, 13). Defendants contend that DA Dumanis conducted press releases discussing the decedent's prior acts of violence in the context of "inform[ing] the public about the District Attorney's decision not to press charges" against Defendant Browder. *Id.* at 7. Defendants contend that a survey conducted in December 2015 indicated that "more than 66% of San Diegans have not heard of Mr. Nehad's death." *Id.* at 10. Defendants further contend that "44% of the articles published between September 1, 2015, and December 23, 2015, are categorized as negative towards defendants, while 43% were neutral." *Id.*

**III. Discussion**

"The standards governing a change of venue ultimately derive from the due process clause of the fourteenth amendment which safeguards a defendant's sixth amendment right to be tried by a panel of impartial, indifferent jurors." *Harris v. Pulley*, 885 F.2d 1354, 1362 (9th Cir. 1988) (citations and internal quotations omitted). "To support a change of venue motion, [the moving party] must demonstrate either actual or presumed prejudice." *Daniels v. Woodford*, 428 F.3d 1181, 1211 (9th Cir. 2005). Prior to trial, when there is no evidence of actual jury bias, the moving party "must make a showing sufficient for a presumption of prejudice." *See id.*

"Prejudice is presumed only in extreme instances 'when the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime." *Id.* (citing *Ainsworth v. Calderon*, 138

F.3d 787, 795 (9th Cir. 1998). "Three factors should be considered in determining presumed prejudice: (1) whether there was a 'barrage of inflammatory publicity immediately prior to trial, amounting to a huge . . . wave of passion'; (2) whether the news accounts were primarily factual because such accounts tend to be less inflammatory than editorials or cartoons; and (3) whether the media accounts contained inflammatory or prejudicial information not admissible at trial." *Id.* (citations omitted). "The trial court may be unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere. In such a case, due process requires that the trial court grant defendant's motion for a change of venue." *Pulley*, 885 F.2d at 1361. "[W]hen the trial has been set in a large urban area, publicity has presented less significant problems." *Columbia Broadcasting Systems, Inc. v. U.S. Dist. Court for Cent. Dist. Of California*, 729 F.2d 1174, 1181-82 (9th Cir. 1984) (finding that in "[a]lmost all the cases in which the Supreme Court has found that press coverage deprived the defendant of a fair trial have been tried in small rural communities.").

"The effect of pretrial publicity can be better determined after the voir dire examination of the jurors." *Narten v. Eyman*, 460 F.2d 184, 187 (9th Cir. 1969). "It is not required . . . that the jurors be totally ignorant of the facts and issues involved. . . . It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Id.* at 188-89.

In this case, San Diego is a large urban area and therefore publicity presents a less significant problem. *See Columbia Broadcasting Systems, Inc.*, 729 F.2d at 1181-82. The record does not demonstrate that the community is so "saturated with prejudicial and inflammatory media publicity about the crime" at this stage in the proceedings that the Court would be unable to seat an impartial jury. *See Daniels*, 428 F.3d at 1211. A trial in this case is more than a year away, with the Final Pretrial Conference currently set for February 3, 2017. The motion to change venue is denied without prejudice.

**IV. Conclusion**

IT IS HEREBY ORDERED that the motion to change venue (ECF No. 40) is

denied without prejudice.

IT IS FURTHER ORDERED that the motion to lodge exhibits A & B under seal in support of motion to change venue (ECF No. 44) is denied as moot.

DATED:  March 9, 2016

William Q. Hayes
**WILLIAM Q. HAYES**
United States District Judge