UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R. NEHAD, an individual, K.R. NEHAD, an individual, ESTATE OF FRIDOON RAWSHAN NEHAD, an entity,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NEAL N. BROWDER, an individual, and DOES 1 through 10, inclusive,<br>　　　　　　　　　　Defendants. | Case No.: 15-CV-1386 WQH NLS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF DISCOVERY RULING ON JOINT MOTION FOR DISCOVERY DISPUTE NO. 2**<br><br>(Dkt. No. 90) |

Before the Court is Defendants' Motion for Reconsideration of this Court's earlier discovery ruling on the Joint Motion for Determination of Discovery Dispute Number 2. (Dkt. No. 90.) Plaintiffs filed an Opposition, and also requested sanctions for the amount of expenses incurred in opposing the motion. (Dkt. No. 95.) Defendants filed a Reply. (Dkt. No. 98.) District Judge Hayes referred this motion to the undersigned based on the new information presented in Defendants' motion. (Dkt. No. 99.) Having reviewed and considered the papers submitted, the Court **DENIES** Defendants' motion for reconsideration in its entirety and **DENIES** Plaintiffs' request for sanctions.

### I. Relevant Background

The parties and the undersigned are familiar with the background of the case and

the underlying discovery dispute, and so the Court only briefly summarizes the dispute here. In the Joint Motion for Determination of Discovery Dispute No. 2, the parties requested the Court's involvement in resolving discovery disputes regarding approximately forty separate requests for production and interrogatories. Among those requests, Plaintiffs moved to compel Defendants to provide further responses to their Request for Production No. 34 ("RFP 34".) That request sought "DOCUMENTS RELATING TO YOUR investigations of any officer involved shootings, from 2010 to the present." Defendants objected on various grounds, including undue burden. They contended that the search would "yield dozens of investigations, thousands of pages of documents" and that "[t]o review such investigations would require thousands of man-house to copy, sift through, redact etc." (Dkt. No. 68 at 17.)

In considering and ruling on RFP No. 34, the Court narrowed the scope of the discovery "to only seek responsive documents from the past three years (as opposed to five years), and to the internal affairs/investigation files for incidents involving officer-involved shootings that resulted in physical injury or death (as opposed to any incident in which an officer fired his or her weapon)." (Dkt. No. 83 at 16.) The Court thus ordered Defendants to provide further responses to Plaintiffs' requests for documents pertaining to investigations, including internal affairs files, of officer-involved shootings that resulted in physical injury or death from 2013 to the present. (Id. at 19.)

On May 23, 2016, Defendants filed a motion for reconsideration and objections to that ruling under Federal Rule of Civil Procedure 72(a). The parties briefed the matter, and on June 30, 2016, District Judge Hayes referred the motion for reconsideration to the undersigned.

## II.   Legal Standard

Because this Court cannot review its prior ruling under Rule 72(a), the Court construes the motion as a request for reconsideration under the Court's inherent authority

to reconsider interlocutory orders.[1]  The Court maintains an inherent authority to reconsider all interlocutory orders. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir.1996); *Abada v. Charles Schwab & Co., Inc.*, 127 F.Supp.2d 1101, 1102 (S.D. Cal. 2000) ("District courts retain inherent authority to revise interim or interlocutory orders any time before entry of judgment").  Motions for reconsideration are "not to re-hash arguments the court has already thought through, or present arguments or evidence for the first time which could reasonably have been raised earlier in the litigation. It is not a vehicle for a 'second bite at the apple,' 'after thoughts,' or 'shifting of ground.'" *Salazar v. Monaco Enters.*, 2015 U.S. Dist. LEXIS 167081 (E.D. Wash. Dec. 14, 2015) (citation omitted).

**III.  Discussion**

### a. Defendants' Objection Based on Burden

Defendants object to the discovery ruling on the grounds that Plaintiffs' request is unduly burdensome and disproportional to the needs of the case.  (Dkt. No. 90-1 at 6.)  Defendants argue that in making the earlier discovery ruling, the Court omitted discussion of other investigations, such as homicide investigations, which contain thousands of pages of documents.  (Dkt. No. 90-1 at 8, 10-11.)  Defendants assert the burden imposed is not proportional to the needs of the case because although roughly $12,000 in expenses may not seem unduly burdensome at first blush, it would be unduly burdensome to require Defendants to engage in thousands of hours of labor to review and analyze the more than 15,000 pages of documents, 403 compact discs, and possibly 217 DVDs for privacy redactions and accuracy.  (Dkt. No. 98 at 2-3, 8; *see also* Dkt. No. 91 at ¶ 8.)  They also argue the ruling should be narrowed so that Defendants only need to provide Internal Affairs Investigation summaries from April 30, 2013 through April 30,

---

[1] Federal Rule of Civil Procedure 72(a) provides that "[a] party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

2015, because any documents thereafter are irrelevant. (Id.)

Plaintiffs respond that the Court's earlier order was neither clearly erroneous nor contrary to law, and that the discovery sought is relevant. (Dkt. No. 95 at 10.) They contend Defendants' argument fails because they present new evidence not previously submitted, including a specific recounting of documents plus their "roughly $12,000" calculation of expenses. (Id. at 11.) They maintain Defendants also make no effort to show this expense would create an undue strain on their resources. (Id.) They further contend Defendants fail to explain why documents after April 30, 2015 would not be relevant, particularly given that Defendants do not assert the SDPD's policy changed following the shooting incident in this case. (Id. at 10-11.)

The Court is unpersuaded by Defendants' burden arguments. Defendants provide no persuasive reason why they failed to present the quantitative information regarding the estimated cost and the amount of documents and things in the briefing on the joint motion for determination of discovery dispute. Defendants summarily contend they could not have determined the estimated amount of costs or the estimated amount of documents to be reviewed before the Court's ruling on this discovery request. Not so. Defendants were well aware of the scope of the discovery request, and Defendants had the obligation of explaining and supporting its burden objection when the dispute was first brought before the Court. *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) ("the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections.") Defendants did not gather information about the estimated costs or number of documents that would need to be reviewed despite the fact that these arguments and evidence could have, and should have, been raised at the time the parties first brought this dispute before the Court. Defendants' attempt at a second bite of the apple by presenting evidence and argument that should have been raised earlier frustrates the systematic efficiencies of the judicial process. Their belated attempt to re-hash arguments the Court has already thought through is unavailing.

Likewise unavailing is Defendants' argument that documents after April 30, 2015 bear no relevance on Plaintiff's claims and thus would be unduly burdensome to produce. As Plaintiffs aptly noted, Defendants have not explained why these documents would not be relevant, nor have they asserted the San Diego Police Department's ("SDPD") policy changed following the shooting incident in this case.

Defendants also appear to contend the discovery request must be narrowed because Plaintiffs' *Monell* claims lack merit, and because Plaintiffs failed to comply with the Court's earlier order compelling Plaintiffs to respond to contention interrogatories stating the basis for their *Monell* claims. (*See* Dkt. No. 98 at 4-5.) But Defendants' objection to producing discovery based on burden is not the proper vehicle to challenge the viability of the *Monell* claims, nor is it the proper vehicle for seeking sanctions for Plaintiffs' asserted failure to comply with the Court's earlier order.

In sum, and for the aforementioned reasons, the Court does not find grounds to warrant revising its earlier ruling. While the Court does not revise its earlier ruling, the Court nonetheless encourages the parties to work together in producing the discovery in an efficient manner. The Court encourages the parties to discuss whether they can voluntarily agree that (a) the internal affairs investigation summaries will first be produced, and (b) whether, after Plaintiffs have reviewed those summaries, Plaintiffs will agree to voluntarily further narrow the request so that only certain of those corresponding homicide investigation documents need be produced. But if Plaintiffs review the summaries and nonetheless determine all the homicide investigation documents need to be produced, then they must be produced.

### b. Defendants' Request for Cost-Shifting

Defendants alternatively request the Court to shift to Plaintiffs the cost of production for responses to RFP No. 34. (Dkt. No. 90-1 at 11-15.) They contend Plaintiffs should pay the cost of assembly and production because Plaintiffs did not establish the basis for their *Monell* claims and fail to demonstrate the relevance of the homicide investigations. (Id at 6.) Plaintiffs argue Defendants' cost-shifting request fails

because they did not raise it earlier and regardless, Defendants fail to meet the standard for cost-shifting. (Id. at 13-17.)

The authorities cited by the parties do not assist the Court in determining whether a party may raise for the first time a cost-shifting argument on a motion for reconsideration; the cases they cited are either not on-point or are otherwise distinguishable. But even if Defendants' cost-shifting arguments are appropriately brought before the Court, Defendants have not shown cost-shifting is warranted here.

As an initial matter, Defendants do not adequately demonstrate that the cost-shifting analysis even applies to the type of discovery at issue. Defendants describe the discovery as documents being maintained in binders, media DVDs and compact discs. (Dkt. No. 90-1 at 10, 15.) In *Zubulake*, the court discussed when it is appropriate to consider cost-shifting. *Zubulake v. UBS Warburg*, 217 F.R.D. 309, 324 (S.D.N.Y. 2003). The court stated that cost-shifting should only be considered when electronic discovery imposes an "undue burden or expense" on the responding party. The court also stated, however, that "[a] court should consider cost-shifting *only* when electronic data is relatively inaccessible, such as in backup tapes." *Id.* at 324 (emphasis in original); *see also id* at 318 (discussing different types of electronic data and its accessibility based on the media in which it is stored). Defendants make no mention of how or why a cost-shifting analysis should apply to their hardcopy documents in binders, DVDs or compact discs, and do not cite any cases in support. Indeed, unlike here, the cases Defendants cited applied a cost-shifting analysis for production of discovery for source code, backup databases, and metadata. *See OpenTV v. Liberate Techs*., 219 F.R.D. 474, 479 (N.D. Cal. 2003) (source code); *see also U.S. ex rel. Carter v. Bridgeport Educ., Inc.*, 305 F.R.D. 225, 239 (S.D. Cal. 2015) (backup data bases, active email, and metadata). Given the absence of authority from Defendants demonstrating a cost-shifting analysis should apply to documents in binders, DVDs and compact discs, the Court is indeed skeptical that cost-shifting should be considered.

Further, even if the cost-shifting analysis is applied, the overall factors do not

weigh in favor of cost-shifting.  Courts generally consider the following factors in a cost-shifting analysis: (1) the extent to which the request is specifically tailored to discover relevant information; (2) the availability of such information from other sources; (3) the total costs of production, compared to the amount in controversy; (4) the total costs of production, compared to the resources available to each party; (5) the relative ability of each party to control costs and its incentive to do so; (6) the importance of the issues at stake in the litigation; and (7) the relative benefits to the parties of obtaining the information. *United States ex rel. Carter.*, 305 F.R.D. at 242, *citing Zubulake*, 217 F.R.D. at 322.  The "list should be read in descending order of importance." *Id., citing Zubulake* at 323.

  The first four factors tend to weigh in favor of costs not being shifted.  First, Defendants only take issue with the scope of the request insofar as it seeks documents for investigations after April of 2015.  But Defendants fail to explain why discovery of investigations after April of 2015 would not be tailored to discover relevant information.  Second, the Court agrees with Plaintiffs that the information sought is not necessarily available from the internal affairs investigation summaries, as it is unclear how the realm of information contained in the thousands of pages of investigation documents, DVDs and CDs could reasonably be contained in the internal affairs summaries.  Third, Defendants concede the amount in controversy exceeds the cost of production.  Fourth, Defendants assert they assume Plaintiffs are financially prepared to handle the costs of this production, without discussing the resources available to each party.  Plaintiffs put forth information indicating the cost of production may only amount to about .0004% of Defendants' $3.2 billion budget, which Defendants do not appear to dispute.  (Dkt. No. 95 at 11; McKissick Decl., Exh. A.)

  The fifth factor tends to weigh in favor shifting costs.  While the party seeking discovery has an ability to control costs, this is analyzed under the first factor and comes in the form of a party framing its discovery request "broadly enough to obtain relevant evidence, yet narrowly enough to control costs." *See Zubulake,* 217 F.R.D. at 322.

Defendants contend that because they cannot farm out the work to review the investigation documents, the only way to control the cost of production is to control the scope of information being sought. (Dkt. No. 98 at 7.) Neither party proposes how Defendants could otherwise control the costs, and so this factor tends to weigh in favor of shifting the costs.

The sixth and seventh factors tend to weigh in favor of not shifting the costs. The "'importance of the issues at stake in the litigation' is a critical consideration, even if it is one that will rarely be invoked. For example, if a case has the potential for broad public impact, then public policy weighs heavily in favor of permitting extensive discovery." *Zubulake,* 217 F.R.D. at 321. Defendants do not address the importance of issues at stake, and instead take the position that much of the information sought is irrelevant or can be found in other sources. (Dkt. No. 90-1 at 15.) Plaintiffs assert the issues at stake are important because they claim Defendants failed to properly investigate the shooting incident and apply appropriate discipline. (Dkt. No. 95 at 16.) "[T]he last factor … is the least important because it is fair to presume that the response to a discovery request generally benefits the requesting party." *Zubulake,* 217 F.R.D. at 323. Defendants do not explain why the benefits to Plaintiffs would be "minimal," and the Court finds otherwise given that the discovery is relevant to Plaintiffs' *Monell* and supervisory liability claims. Accordingly, the Court denies Defendants' request to shift costs of assembly for RFP No. 34.

### c. Request for Sanctions

Plaintiffs assert the Court should award fees under Federal Rule of Civil Procedure 37 because they were required to oppose Defendants' unjustified and meritless motion for reconsideration, and so Defendants' conduct warrants imposing sanctions. (Dkt. No. 95 at 17-18.) They seek $7,605, which they contend constitutes the reasonable expenses incurred in opposing the motion. (Id. at 18.)

Defendants contend Plaintiffs are not entitled to attorneys' fees because they merely seek reconsideration of one argument earlier addressed by the Court. (Dkt. No.

98 at 9.) They contend raising this issue with the Court is thus substantially justified and so Plaintiffs' counsel are not entitled to fees. (Id.)

Federal Rule of Civil Procedure 37(a)(5) provides for payment of the prevailing party's reasonable expenses incurred. *See* Fed. R. Civ. P. 37(a)(5)(A). However, the Rule recognizes various exceptions, such as where the court finds the opposing party's conduct was substantially justified, or an award of expenses would be unjust. *See* id. "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *Blair v. CBE Grp., Inc.*, 2014 WL 4658731, at *1 (S.D. Cal. Sept. 17, 2014) (citations omitted).

Although Defendants have not demonstrated any basis for the Court to revise its earlier order, Defendants' positions were not patently unreasonable in disputing whether the scope of the discovery was proper or whether cost-shifting should be permitted. As such, the Court cannot say that Defendants' arguments were so unjustified that they must bear the costs. Accordingly, the Court denies Plaintiffs' request for sanctions.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion for reconsideration, including their request to shift the costs to Plaintiffs. The Court **DENIES** Plaintiffs' request for sanctions.

**IT IS SO ORDERED.**

Dated: July 15, 2016

Hon. Nita L. Stormes
United States Magistrate Judge

9

15-CV-1386 WQH NLS